G. GARDNER & WILLIAM BURKE *vs.* STATE OF MARYLAND.

CODE, ART. 30, SEC. 98, AND ART. 32, SECS. 1 AND 2: CRIMINAL PLEAD-
ING: AN INDICTMENT FOR LARCENY charged the property stolen to
be worth so many dollars "current money." On writ of error it was
objected—"that Art. 30, sec. 98 of the Code says; the value must be five
dollars," that is, "five dollars in gold and silver," and not in "current
money," which it was urged had no fixed value.—HELD:

1st. The Art. 32, secs. 1 and 2 of the Code, defining what is currency,
expressly recognises "dollars and cents" as the currency of the State,
and the implication of law is that the value was expressed in that cur-
rency.

2nd. That at most the words objected to were surplusage, or such as may
have been excepted to on demurrer, and which under Art. 30, sec. 80 of
the Code, the Court would not regard as ground of reversal on writ of
error.

CRIMINAL PRACTICE:—The recital in the record that the indictment was
"in form following, to wit:" was proper and is that used by the oldest
entries of matters of record in use.

REMOVAL OF CASES: CODE, ART. 75, SEC. 74: ACT OF 1865, CH. 187, SEC.
2.—The word "time" in the 2nd section of the Act of 1865, ch. 187,
should be construed "term," the word used in Art. 75, sec. 74, of the
Code, of which the 2nd section of the Act of 1865 was intended to be a
re-print, with such alterations only as were necessary to accomplish a
special purpose, in which this expression was not involved; hence, the
suggestion for removal after plea pleaded and issue joined was made
in due time and in proper form.

WRIT OF ERROR to the Circuit Court for Baltimore county.

The plaintiffs in error were jointly indicted for larceny at
the May term, 1865, of the Criminal Court of Baltimore city.
On the 10th of July, during the continuance of the May
term,—being arraigned they plead *not guilty*, and issue was
joined on that plea. On the 11th of July, the plaintiffs in
error appeared in Court and suggested under oath, "that they
believe they cannot have a fair and impartial trial in this Court,
and pray the Court to order and direct the removal of the record
of proceedings in this case to the Court of some adjoining

county for trial." Thereupon an order was passed removing the case to the Circuit Court for Baltimore county, to be held in the month of August ensuing. On the 15th day of September following the trial took place, and the prisoners were committed and sentenced to the penitentiary for two years. They then moved to arrest the judgment, assigning as causes for the motion "that upon the face of the record, the Court had no jurisdiction, and for other errors," which motion the Court (EMORY, J.,) over-ruled. Thereupon the prisoners sued out a writ of error from the Circuit Court of Baltimore county, in Equity.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, COCHRAN, and WEISEL, J.

*Robt. J. Brent* for the plaintiffs in error:

The following errors are assigned as appearing in the record:

I. The indictment charges the property stolen to be worth so many dollars, current money. Sec. 98, of Art. 30 of the Code, says, the value must be five dollars; that is, five dollars in gold and silver, which was the standard when the law was enacted. Since its passage no other Act of the Assembly has authorized the value of property for criminal prosecutions to be assimilated to or estimated in current money; and hence the allegation of value in current money is defective and erroneous, especially as current money is a term unknown to the statute or to any legal definition, and in point of fact current money is often below par.

II. The record nowhere shows the original indictment. It alleges that the District Attorney "exhibited an indictment in the form following, to wit:" Now the natural meaning of this expression is, that a copy of the indictment is contained after the words *"in form following, to wit,"*

and not in the indictment itself. To make it the original indictment, the expression should have been "exhibited an indictment which is herein inserted." The certificate says, "in form following;" by this is understood that the following words are in the *form* of the indictment, and this unequivocally means a copy of the indictment. Now a man must be tried on the original indictment and not on its copy, and the law is the same when the *venue* is changed.

III. The record shows, that the *venue* was changed after plea pleaded and issue joined, and yet the affidavit for removal does not state the special matter in such case required by the 1st section of the Act of 1865, ch. 187.

*A. Randall,* Attorney General, for the State, argued:

1st. That there was no error in the record of proceedings and judgment of the Court.

2nd. That if there was any such error it could not avail the plaintiffs in error after the proceedings had in this cause.

3rd. In reply to the 1st point of the appellants, the only object in stating the value of articles stolen in the indictment, is to regulate the punishment; if the value exceeds five dollars, the sentence of confinement in the penitentiary may be from one to fifteen years, if of the value of less than five dollars, for not more than fifteen months. Code, p. 230, secs. 98, 100. The value of the property stolen was $90.50, and the confinement two years.

The words " current money " constantly occur in all our books of legal forms, and mean legal money—gold and silver—that is, the currency of this State. See Code, Art. 32, sec. 1, title " currency." But there is nothing in this record to show any change in the value of money since the law was made, nor has any law or authority been produced to show it important what may be the value of gold and silver in relation to the nature of these articles stolen.

All these questions come now too late—if they had at any time any force.    The 82d section of the 30th Article of Public General Laws, Code. p. 225, declares that no indictment shall be quashed, stayed or reversed, by reason of any mere defect or imperfection in matter of form, which shall not tend to the prejudice of the defendant, nor for any matter or cause which might have been a subject of demurrer to the indictment.

4th. In reply to the 2nd point of the appellants, the averment in the record is, that the State's Attorney exhibited to the grand jury an indictment against the appellants " in form following," &c.; and it is averred that the grand jury returned " the indictment," true bill, &c., and to that the prisoners pleaded "not guilty," and the issue was joined.

The cause was then removed, the prisoners tried, and the jury found that the defendants " are guilty of the premises aforesaid, in the indictment aforesaid above specified and laid to their charge, in manner and form as by the said indictment is above charged upon them."    Motion was made to arrest the judgment without objection to this indictment, and averring that they were arraigned and tried on that indictment, which was removed, &c. &c., and the motion overruled.

Surely this objection, that there was no indictment was waived; but as it would have availed if valid, on demurrer, and the prisoners failed to demur, this Court will not now reverse, according to the Code above quoted.

5th. In reply to the third point of the appellants, that that the cause was illegally removed, and that the Court had no jurisdiction.    If there was any force in this objection as a question of the course of legal proceedings, still it may be insisted, that the prisoners having availed themselves of this removal cannot deny the jurisdiction which they themselves, invoked to try them.

But is the objection well taken ?    The Act of 1865, chap.

187, enacts, that the suggestion to remove a cause must be made before, or during the "time," (ought to be "term,") at which the issues may be joined, &c., unless, &c. All these proceedings took place at the same (May) term of the Criminal Court of Baltimore. The offence was committed during that term, (24th June '65,) the writ issued 27th June; indictment found; 10th July, '65, they plead, and the issue is joined on the 11th July; and they appear in Court and file their suggestion of removal sworn to on that day, 11th July, 1865; and thereupon (the same day,) the case is removed: all these proceedings took place at the same (May) Term, 1865.

A reference to the Art. 75 of the Code, sec. 74, which was superseded by section 74 of 1865, chap. 187, will clearly show that the word "time," written above, ought to be "term;" being, no doubt, an error of the printer.

Bowie, C. J., delivered the opinion of this Court:

The plaintiffs in error, assign three grounds for reversing the judgment below, which will be considered severally in their numerical order:

1st. The indictment charges the property stolen to be worth so many dollars, current money, whereas, the 98th sec. of Art. 30 of the Code, requires the value to be of five dollars; meaning gold or silver, which was the standard when the law was passed, and no Act of Assembly has since authorised the value of property to be estimated in current money. This objection rests upon the assumption, that gold and silver are not current money in legal parlance.

The thirty-second Article of the Code defines what is "currency." Sec. 1 enacts, the species of coins which have been, and which may be struck at the Mint of the United States, and the rates of foreign coins, as have been or shall be severally regulated and established by Congress, shall be

taken, and recognised as the currency of this State. Sec. 2 enacts, all accounts in this State, shall be expressed in dollars and cents, and all the accounts in the public offices, and all proceedings in the Courts of this State, shall be kept and had in conformity with this regulation. Here, is an express statutory recognition of "dollars and cents," (being of the species of coin struck at the Mint of the United States,) as the currency of this State, and the implication of law is, that the value was expressed in that currency; at most the words objected to, were surplusage, or such as may have been excepted to on demurrer, and which the Court would not regard as ground of reversal on writ of error. Code, Art. 30, sec. 80.

The second objection is, "The record nowhere shows the original indictment." It alleges that the District Attorney exhibited an indictment "in form following, to wit:" which means "a copy." The words "in form following" are used in the records, civil and criminal, and all writs of error, as representing the record of the Court of original jurisdiction. They do not imply a copy, or secondary evidence of the thing, but the body of the writing itself.

The indictment could not be otherwise inscribed in the record, and the language of the record is that used by the oldest entries of matters of record in use. *Vide Harris' Entries passim.* The third objection is, the *venue* was changed after plea pleaded and issue joined, and the affidavit for removal does not state the special matter in such case required by the first section of the Act of 1865, ch. 187.

The record shows that during May term, 1865, viz: on the 10th of July, 1865, the plaintiffs in error were arraigned and pleaded "not guilty," on which plea, issue was joined, and during the same term, on the succeeding day, the 11th of of July, 1865, they appeared in open Court and suggested in writing that they believed they could not have a fair and

impartial trial in said Court, and "made oath that the matters and things contained in the above suggestion are true," whereupon the Court ordered the record to be removed to the Circuit Court for Baltimore county.

The second section of the Act of 1865, ch. 187, which constitutes the 74th section of Art. 75, of the Code, as amended by that act, is a reprint of the same section as published in the General Laws, with partial alterations.

In the proviso of the original section, the suggestion for removal, was to be made "before or during the term in which the issue or issues may be joined." It is obvious from the *context*, that the word *time* in the section as amended, should be construed *term*, as the sentence indicates duration, not a mere "*punctum temporis.*"

The right to the change of *venue*, has always, heretofore, been regarded as a Constitutional privilege not to be restrained, but enlarged by legislation. *Vide* 5 *Md. Rep.*, 70. 21 *Md. Rep.*, 18. Now, although somewhat modified in the mode of its exercise by the present Constitution, it is still to be cherished as one of the most essential incidents to the impartial administration of justice. The spirit, as well as the letter of the law, requires it should receive a liberal construction.

We think, therefore, that the suggestion of the plaintiffs in error was made in due time and proper form, and the case was properly removed.

Finding no error in the record of the proceedings below, the judgment will be affirmed.

*Judgment affirmed.*

(Decided June 25th, 1866.)