### STATE *versus* BOYD C. LEAVITT & al.

An indictment for malicious mischief will not necessarily be defeated, merely because the acts proved might have supported a charge for larceny.

EXCEPTIONS from the District Court, HATHAWAY, J. presiding.   Indictment under the thirteenth section of the one hun-

dred sixty-second chapter of the Revised Statutes, entitled
" Of malicious mischief," &c., for wilfully and maliciously de-
stroying certain shop tools, the property of one Dexter. There
was evidence tending to show that the defendants, in the
night time, broke open the shop, and threw the tools into the
river. The defendants' counsel contended that the acts, if
proved, constituted a *larceny*, and that, therefore, they could
not support an indictment for *malicious mischief*, and request-
ed the Judge so to instruct the jury. That request was de-
nied ; the verdict was for the State ; and the defendants ex-
cepted.

The case was submitted by *Waterhouse*, County Attorney,
for the State, and by *Knowles*, for the defendants, without ar-
gument.

SHEPLEY, C. J., orally.— The request to the Judge assum-
ed that, if certain acts would support a charge for *larceny*,
they could not support an indictment for *malicious mischief*.
But there is no such principle of law. This court has recent-
ly decided that-acts, which might have supported an indict-
ment for arson, would support a charge for malicious mischief.
The instruction requested was properly refused.

*Exceptions overruled.*