## COMMONWEALTH vs. HORACE B. AUSTIN.

On the trial of an indictment for maintaining a place used for illegal keeping and sale of intoxicating liquors, the government, in order to show that the defendant intended to use and did use the place for that purpose, having introduced evidence that he took a license from the United States to sell such liquors there, *Held*, that evidence was admissible, in the defendant's behalf, of what passed between him and the assessor of internal revenue, at the time when he applied for the license, in order to show the reasons and purpose for which he took it.

On the trial of an indictment under the Gen. Sts. *c.* 87, for maintaining a certain place used for illegal keeping and sale of intoxicating liquors, the government having introduced, in support of the charge, a record of the conviction of the defendant on a complaint under the Gen. Sts. *c.* 86, § 34, for keeping intoxicating liquors with intent unlawfully to sell the same, which record did not show the place where such liquors were kept, *Held*, that the jury should have been instructed to disregard it unless they were satisfied that the place was the same place alleged in the indictment.

INDICTMENT under the Gen. Sts. *c.* 87, for maintaining a certain tenement used for the illegal keeping and sale of intoxicating liquors on September 1, 1867, and for the six months next preceding. Trial, in the superior court, before *Brigham*, J., who signed a bill of exceptions, the material part of which was as follows:

" The government offered evidence tending to show that the defendant from and after April 26, 1867, kept an eating-house in Boston, at No. 166 Merrimack Street, and delivered, for the first three or four weeks, ale to his regular customers, and afterwards ale to his customers in his stalls, as a part of their meals for which no charge was made; and also put in evidence a record of conviction of the defendant, in July, 1867, by a plea of guilty, in the municipal court, on a complaint for keeping intoxicating liquors with intent to sell, in violation of the Gen. Sts. *c.* 86, § 34. But there was no allegation, in the complaint, of the place where the same were kept; and no other proof that the complaint had any reference to the eating-house on Merrimack Street.

" The defendant testified, and also called other witnesses whose testimony tended to prove, that no intoxicating liquors were ever sold in the place or kept for sale there, and that he furnished ale ⸰o such of his customers as wished it with their meals in the

stalls, but in no instance made any charge for the ale, charging in all instances the same price for meals, whether his customers had water or ale. Upon cross-examination, the defendant was asked by the attorney for the government whether he had a United States' license to sell intoxicating liquors at this place; and having answered in the affirmative, the defendant's counsel offered to show, by reëxamination of the defendant, that he was told by the United States' assessor, at the time of applying for the license, that if he kept ale and furnished it to his customers to drink with their meals, although he made no charge for the ale, yet he must apply for and take out a United States' license to retail liquors; and that he applied for and took out the license upon this instruction and order of the assessor, and never at any time intended to sell ale or other intoxicating liquors under it. But the judge excluded this evidence.

" The defendant asked the judge to instruct the jury that although it might be competent for the government to put in evidence his conviction of keeping intoxicating liquors with intent to sell them, as it might his conviction of any other offence, for the purpose of affecting his credibility as a witness, yet it could be used for no other purpose, as it did not appear that the liquors, which he was convicted of illegally keeping, were ever kept in the place on Merrimack Street. The judge declined to instruct the jury as thus requested; but did instruct them that if they were satisfied that the defendant did not keep the liquors complained of, in this place, then they should disregard it otherwise than as affecting his credibility as a witness.

The jury returned a verdict of guilty; and the defendant alleged exceptions."

*A. F. L. Norris,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth, submitted the case without argument.

WELLS, J. The government, in cross-examination of the defendant, put in the fact that he had taken a license from the United States to sell intoxicating liquors at the place complained of as a nuisance, in order to show that he intended to use and did use the place for that purpose. Its relation to the

issue depends upon the intention and purpose with which the license was taken. It was proper for him therefore to explain his reasons for taking the license, so as to rebut the inference that might otherwise be drawn from it, and show that it was consistent with his testimony as to the manner of conducting the business. What passed between him and the assessor was competent, not to prove the facts stated, but to show the reasons and purpose for which the license was taken.

The record of the conviction of the defendant as a common seller was competent evidence upon the main issue, provided the conviction was based upon sales made at the same place. But as that did not appear from the record itself, it was necessary that it should be shown *aliunde*. The jury were instructed that they should disregard it " if they were satisfied he did not keep the liquors complained of in this place." They should have been instructed to disregard it unless they were satisfied that he did keep the liquors, or make the sales complained of, in this place.

For these two causes we think the verdict must be set aside.

*Exceptions sustained.*