### COMMONWEALTH *vs.* GEORGE EVANS.

On the trial of an indictment for manslaughter, the record of a conviction of the defendant for the assault which caused the death is conclusive evidence that the assault was unjustifiable.

INDICTMENT for manslaughter, charging the defendant with assaulting Henry McKenzie with a knife and giving him a wound whereof he died.

After trial in the superior court, before *Vose*, J., and a verdict of guilty, the presiding judge, at the request of the defendant, reported the case for the determination of this court, substantially as follows: The Commonwealth introduced evidence tending to show that on August 8, 1867, the defendant made an assault upon McKenzie with a knife, inflicting a dangerous wound upon him, from the effect of which he died in the following October. The defendant introduced evidence tending to show that he used the knife in self-defence to repel an attack made upon himself by McKenzie, and that he was justified by the circumstances of the attack in using the knife as he did. To rebut this evidence, the attorney for the Commonwealth introduced with other evidence the records of the superior court, by which it appeared that the defendant was indicted at September term 1867, for a felonious assault with a knife upon Henry McKenzie, to which indictment he pleaded not guilty, and upon which he was tried at the same term, convicted of an assault, and sentenced to the house of correction. It was conceded that this indictment was for the same act of assault which resulted in the death of McKenzie in the following October, and for which the defendant was now on trial. The presiding judge instructed the jury that the conviction and judgment on the prior indictment were conclusive evidence that the use of the knife upon McKenzie was unjustifiable; and that the question whether the knife had been lawfully used by the defendant in self-defence had been determined by that judgment, and was not now open to him.

*F. F. Heard*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

WELLS, J. The former conviction for assault and battery is not pleaded as a bar to this indictment. As the death occurred after that conviction, the offence now prosecuted was not then complete; and was not capable of judicial determination. The two offences are not identical in law. *Commonwealth* v. *Roby* 12 Pick. 496. *Commonwealth* v. *Cutler*, 9 Allen, 486.

The identity, in fact, of the assault which caused the death with that which was the subject of the former conviction, is

conceded. The record was therefore competent to prove the fact of such conviction. *Commonwealth* v. *M'Pike*, 3 Cush. 181. The only question is, as to the effect of that judgment, as evidence, upon the issues of fact raised in the trial of this case for manslaughter. The court below ruled that it established conclusively that the assault was unjustifiable, and therefore disproved the position of the defendant in this case, that the knife was used in self-defence. Upon general principles, the parties being the same, the former judgment must be held to have established all facts which were involved in the issue then tried, and essential to the judgment rendered upon it. The conviction for assault and battery therefore necessarily excludes all justification which could have been set up under the general issue of not guilty. The facts of the assault remain the same; and whatever would sustain the ground of self-defence, now relied on, would have been a complete defence to the former prosecution. The verdict and judgment in that case were therefore rightly held to be a conclusive answer to the attempt at justification made in this case. *Commonwealth* v. *Austin*, 97 Mass. 595.                    *Judgment upon the verdict.*