## THE PEOPLE vs. HARRY SMITH.

Where a person has been guilty of a burglary and a larceny at the same time, he may be indicted for either the burglary or the larceny, separately, and convicted of the offense charged.

There is no merger, in such a case, which is available to the accused by way of defense, until there has been a trial and conviction for the greater offense.

Burglary and larceny, charged in the same indictment as having been committed on the same occasion, is a compound offense, and upon the trial the party accused may be convicted of either one, without the other.

If there has been a conviction for the burglary, a plea of *autre fois convict* would be a good answer and defense to a subsequent indictment for the larceny which was committed at the same time and by means of the burglarly. It is all the same felony, and the lesser is merged and satisfied in the conviction and punishment of the greater.

So a conviction for the larceny which was committed by means of the burglary will constitute a bar to any subsequent trial and conviction of the defendant for the offense of burglary.

There cannot be two convictions for separate acts, constituting the same felony. If it is all the same felony, one conviction is a bar to any other, for the offense, of whatever degree.

A general exception to the charge of the court, not specifying any grounds of error, is of no avail, where there is no request to charge otherwise.

CERTIORARI to the general sessions of Wayne county, to remove a conviction for grand larceny.

The defendant was indicted in the Wayne county oyer and terminer, on the 9th day of November, 1868. The indictment contained four counts, charging, 1st. Grand larceny, in taking, &c., at the town of Galen, in said county, on the 28th day of June, 1868, one watch with a gold case, one hair watch chain with gold clasp, of the value of $70, the property of one Joseph Stone. 2d. For grand larceny, at the same time and place, in taking, &c., one watch with a gold case, of the same value, and one hair watch chain of the value of $10, the property of the said Stone. 3d. For grand larceny, at the same time and place, in taking, &c., one detached lever watch with gold case, of the same value, and one hair watch guard of the value of $10, the property of said Stone. 4th. That on

the same day and year, at the same place, the prisoner knowing the property mentioned in. last count to have been before then stolen from said Stone, did feloniously have and receive the same.

The indictment was sent to the court of sessions of said county, and was tried therein at a term of said court, on the 17th day of June, 1869 ; and upon such trial a verdict of guilty upon the whole indictment was given against the defendant. A bill of exceptions was tendered by the prisoner, and signed and sealed by the court, and sentence suspended, and a writ of certiorari sued out by the district attorney of said county, bringing the indictment and bill of exceptions into this court.

On the trial it was proved on the part of the people, by Stone, the complainant, and David Benjamin, witnesses on the part of the people, that the dwelling-house of said Stone, in which he and other members of his family were at the time, was broken into and entered by the prisoner in the night of the day laid in the indictment, by raising and crawling through a window thereof, about 1 o'clock, midnight, and the property described in the indictment stolen by the prisoner from the said house while he was there. The value of the property was proved to be $81. At the close of the evidence on the part of the prosecution, the counsel for the prisoner moved the court that the prisoner be discharged from the indictment aforesaid, or from further answering thereto, on the following grounds : 1st. That the said indictment sets forth and charges the prisoner with having, on the 28th day of June, 1868, at the town of Galen, in said county of Wayne, feloniously stolen, taken and carried away one gold watch and one hair watch chain with gold clasps, of the value of $70, the property of Joseph Stone ; and also with having, on the same day, feloniously received the same property, knowing it to have been stolen; while the proof or evidence shows that the prisoner was guilty of burglary, in

feloniously breaking into and entering the house of Joseph Stone, aforesaid, situated in the town of Galen, in the night of said 28th day of June, 1868, while a human being was in said house, and taking from said house, after having feloniously broken into and entered the same, and while so therein, the property aforesaid, of the value aforesaid, being the property of said Stone; and that there was no allegation, in the indictment, of a burglary committed by the prisoner. 2d. That there was a material and fatal variance between the indictment and the proof. 3d. That the proof, or evidence, did not sustain the indictment. 4th. That the offense proved against the prisoner was not the same as that laid or charged in the indictment. 5th. That a conviction upon or under the indictment aforesaid would be no bar to a subsequent indictment, trial and conviction of the prisoner for burglary, proved on this trial to have been committed by him, in feloniously breaking or entering the dwelling-house of Joseph Stone, on the night of June 28, 1868, and taking therefrom the gold watch and chain.

The court separately overruled each of said grounds, and the prisoner duly and separately excepted to each of such rulings and decisions of the court.

When the evidence was closed, the counsel for the prisoner renewed the motion for the discharge of the prisoner, on the grounds above mentioned, which were separately ruled upon and denied by the court, and the prisoner duly and separately excepted to each of such rulings and decisions.

The court charged the jury: "If you believe the evidence, it is grand larceny, or receiving stolen goods, knowing them to be stolen." To this charge the prisoner duly excepted. The prisoner, as a part of his defense, put certain questions to, and offered evidence by, the witnesses Frederick Clark and Charles Purdy, which were objected

to by the people, and the questions and evidence offered excluded by the court, and the prisoner excepted to such rulings and decisions.

*Geo. F. Danforth,* for the people.

I. None of the exceptions are well taken. The ground upon which they are placed by the defendant's counsel is, that the indictment is for feloniously stealing the property described therein, and feloniously receiving it, knowing it to have been stolen, while, as he asserts, the evidence shows that the defendant was guilty of a burglary in feloniously breaking into the house of Stone, and therefrom stealing the property aforesaid. 1. The evidence which must be relied upon to warrant this assumption, was not given to prove the commission of a burglary, but as part of the *res gestœ.* The witness Benjamin, in describing the mode of the defendant's approach to the property in question, says: "He stood by the window a little while; I then saw him crawling in the window." This was part of the narrative to prove the larceny, and not given to prove another felony; nor was it objected to by the defendant. If, however, the evidence is regarded as sufficient to prove a burglary, it does not aid the defendant; for, 2. If the defendant should hereafter be indicted for the burglary, his conviction under the present indictment would furnish him matter for a good plea in bar. (*a.*) The offense of burglary is not committed by simply breaking and entering the dwelling-house, but by doing so "with intent to commit some crime therein," (2 *R. S. part* 4, *tit.* 2, *ch.* 1, *art.* 3, § 10, *p.* 668;) and upon the facts assumed by the defendant, the crime "intended" by him was larceny, and the intent was carried into execution—the larceny was committed. The larceny, therefore, constituted part of the burglary. Having broken and entered, and stolen, an entire offense was committed. The defendant

Vol. LVII. 4

was guilty of burglary. (2 *Russell on Crimes*, 38, *Phila. ed.* 1841. 1 *Hale*, 559, 560.) (*b.*) If he had been indicted for the burglary, he might have been convicted of the larceny only. (*State* v. *Crocker*, 3 *Harr.* 554. *State* v. *Brady*, 14 *Verm.* 356. *Jones* v. *State*, 11 *N. H. Rep.* 269.) And this is upon the ground that if any part of the offense charged be proved, that part being necessarily included in the whole, there may be a conviction of such part as may be proved. In *Haskins* v. *The People*, (16 *N. Y. Rep.* 348,) Judge Denio says: "Burglary, when accompanied with larceny, is a compound offense. Under a count for the burglary a conviction might be had for simple larceny." (*See also Hale, p.* 559, § 60.   3 *Greenl. Ev.* § 36.)   In *Rex* v. *Butterworth and two others*, (*Russ. & Ry.* 520,) the defendants were indicted for a burglary in breaking into the house of one Keighley, in the night time, and stealing therein to the value of forty shillings and upwards. More (one of the defendants) pleaded guilty of the burglary, the others, not guilty of the whole offense charged, and upon the trial were acquitted of the burglary, and found guilty of stealing only. The seven judges agreed that judgment might be entered against More for burglary and capital larceny, and against the others for larceny alone. So in *Rex* v. *Comer*, (1 *Leach C. C.* 36,) where the prisoner was indicted for breaking and entering, and stealing, it was held by nine judges unanimously, that where the felony was laid to constitute the burglary, the acquittal of the felony included an acquittal of the burglary also. In *The People* v. *McGowan*, (17 *Wend.* 386,) the prisoner was first indicted for robbery and stealing a watch, and acquitted. He was afterwards indicted for larceny in stealing the same watch. He pleaded the first trial and acquittal, but the oyer and terminer overruled it, and the prisoner was convicted. Upon the error brought, the Supreme Court say: "The first indictment, though for robbery, involved the question of simple larceny, of which the prisoner might

The People *v.* Smith.

have been convicted." The prisoner had, within the issue, been tried "and acquitted of the larceny," and so the conviction was set aside. And conversely, but in harmony with this decision, in the case of *The State* v. *Lewis* (2 *Hawks,* 98) it was held that a conviction for larceny precluded an indictment for the same taking as a robbery. For, in the last indictment, the defendant is in jeopardy of being again convicted of larceny, if the violence should not be clearly proved. (*State* v. *Chafflin,* 2 *Swan,* 493. *Commonwealth* v. *Cunningham,* 13 *Mass. R.* 245. *Commonwealth* v. *Squire,* 1 *Metc.* 258. 22 *Pick.* 1, 7.) (*c.*) A former conviction or acquittal of a minor offense (as in this case the larceny) is a bar to a prosecution for the same act charged as a higher crime, (burglary,) whenever the defendant, on trial of the latter, might be legally convicted of the former, had there been no other prosecution. Both burglary and larceny (of goods valued as in this case) are felonies; but burglary is the superior one, and made so, because the larceny enters into and becomes a necessary ingredient of it. In this case the breaking, disconnected with the larceny, would be a mere trespass. Connected with the larceny, the law awards to it the name and penalties of burglary. The whole offense is one, and cannot be subdivided. It will necessarily follow that where part of an offense is passed upon, there can be no second indictment for another part. In civil cases the law abhors a multiplicity of suits, and is yet more watchful in criminal cases—that the citizen shall not be oppressed by unnecessary prosecution. (*Fiddler* v. *The State,* 7 *Humph.* 508. *State* v. *Cooper,* 1 *Green, N. J.* 31. *State* v. *Townsend,* 2 *Harr.* 543.) In *The State* v. *Cooper,* (1 *Green, N. J.* 274,) the court say: "If a man breaks the house of A. in the night time, and steal his goods, and upon an indictment for burglary and stealing these goods he be acquitted, it would be a bar to a subsequent prosecution

for the larceny." So, "if he be indicted for the simple larceny and acquitted, he cannot afterwards be convicted, upon an indictment for the burglary and larceny, of either offense." The same principle applies to a former conviction. "A defendant cannot be convicted and punished for two distinct felonies growing out of the same identical act, when one is a necessary ingredient to the other, and one has been selected and prosecuted to conviction."

"I am satisfied," says the judge who delivered the opinion in the case last cited, "that a conviction of larceny would be a good bar to a prosecution for burglary and stealing the same goods." In *Commonwealth* v. *Pike*, (3 *Cush.* 181,) the defendant was held to have no just ground of objection to a conviction upon an indictment for manslaughter, because the facts proved he had been guilty of murder. In *Commonwealth* v. *Burke*, (14 *Gray*, 100,) it was decided that evidence of an assault with a weapon dangerous to life would support a complaint for a simple assault, although the complaint alleged that it was not committed with a weapon dangerous to life. In *Commonwealth* v. *Squire*, (1 *Metc.* 264,) it was held that in the case of larcenies it would be no defense to an indictment to show that the defendant committed the offense charged, but with certain aggravating circumstances not charged. In *The People* v. *Durkin*, (5 *Park. Crim Rep.* 250,) the court say, "no doubt a person may be indicted and convicted of larceny, although the facts prove a burglary." 3. If the defendant should be indicted for the burglary, and the offense did not appear from the record to be identical with the one for which he has been convicted, parol evidence would be admissible to establish that fact. (*The People* v. *McGowen*, 17 *Wend.* 386. 3 *Greenl. Ev.* § 36.)

II. A new trial should be denied, and proceedings remitted to the Wayne county sessions for judgment upon the conviction.

The People v. Smith.

*J. Welling*, for the defendant.

I. The motion to discharge the prisoner, when the people rested, should have been granted. 1st. Every indictment must contain a description of the crime of which the defendant is accused, and a *statement of the facts* by which it is constituted, so as to identify the accusation, lest the grand jury should find *a bill for one offense* and the party be put on his trial for another without any authority. (*Lambert* v. *The People*, 9 *Cowen*, 586, 591, 2. *Dedieu* v. *The People*, 22 *N. Y. Rep.* 180, 185. *The People* v. *Taylor*, 3 *Denio*, 91.) 2d. "These precautions are also necessary in order that the defendant may know what crime he is called upon to answer; * * * they are also important in order that the defendant's conviction or acquittal may insure his subsequent protection, should he again be questioned on the same ground, and that he may be enabled to plead his conviction or acquittal of the same offense in bar of any subsequent proceedings." (1 *Chit. Crim. Law.* 169. *Dedieu* v. *The People*, 22 *N. Y. Rep.* 180, 185. *The People* v. *Taylor*, 3 *Denio*, 91.) 3d. "The definition of burglary, at common law, was the breaking and entering the house of another with intent to commit some felony therein. The Revised Statutes have substituted a definition of the crime, as a breaking and entering a dwelling, &c., with intent to commit some crime therein. The Revised Statutes do not, however, by this section, create a new offense." (*Mason* v. *The People*, 26 *N. Y. Rep.* 201.) 4th. The larceny was a constituent of, and merged in, the burglary. "A contrivance to commit a felony, and executing the contrivance, cannot be punished as an offense distinct from the felony, because the contrivance is a part of the felony, when committed pursuant to it." "Merger, which exists when two offenses of different degrees have been committed at the same instant, and in prosecution of the same object." (*Opinion of J. C. Spencer, senator, in Lambert* v. *The People*, 9 *Cowen*, 594.

*Dedieu* v. *The People*, 22 *N. Y. Rep.* 184, 185.) "If the defendant be indicted for a burglarious entry and stealing, and acquitted, he may still be tried for a burglarious entry with intent to steal; for although the burglary be the same, it is evident the prisoner could not have been found guilty on the first, upon proof of a mere intention; and, therefore, may well be indicted for that offense in the second." (1 *Chit. Crim. Law*, 456, *citing* 2 *Leach*, 716; *Hawk, b.* 2, *ch.* 35, § 5; 2 *Leach*, 816; 12 *Peck.* 503.) 5th. The indictment and conviction in the court below is no bar to an indictment and conviction of the defendant for the burglary proved on the trial. "It is, indeed, generally laid down that an acquittal of burglary will not prejudice an indictment for larceny, or vice versa." (1 *Chit. Crim. Law*, 457, *citing note m*; 2 *Hale*, 245, 6; *Hawk, b.* 2, *ch.* 35, § 5; 22 *N. Y. Rep.* 182, 4, 5.) "In order, however, to entitle the defendant to this plea, *autre fois acquit*, it is necessary that the crime charged be precisely the same." (1 *Chit. Crim. Law*, 452.) "It is to be observed that the pleas of *autre fois acquit*, and *autre fois convict*, or a former acquittal and former conviction, must be upon a prosecution for the same identical act and crime." (4 *Black. Com.* 376.)

II. The motion for the discharge of the prisoner, when the evidence closed, should have been granted. (*Authorities under 1st point, and* 22 *N. Y. Rep.* 186, 188.)

III. The testimony offered by the defendant, by the witnesses Frederick Clark and Charles Purdy, should have been received.

IV. The defendant's exception to the charge of the court is well taken. (*See authorities under points* 1 *and* 2.)

V. The conviction should be reversed.

*By the Court*, JOHNSON, P. J. The motion made by the defendant's counsel, when the people rested, and renewed at the close of the testimony in the case, was properly denied, in each case. The substantial ground of the ob-

jection on each occasion was, that if the defendant was guilty of the larceny charged in the indictment, it was committed in connection with a burglary in which the larceny was merged, and that in such a case, there could be no indictment and conviction for the larceny as a separate and distinct offense. But there is no such rule. There is no merger, in such a case, which is available to the accused by way of defense, until there has been a trial and conviction for the greater offense. Burglary and larceny, charged in the same indictment as having been committed on the same occasion, is a compound offense, and upon the trial the party accused may be convicted of either one, without the other. Until the verdict and judgment, it can never be known, with certainty, whether the accused is guilty of either, much less of both. But until after conviction there can be no such thing as a merger which constitutes a defense; especially where each ingredient of the compound is a felony. But where there has, in a case of that kind, been a conviction for the burglary, a plea of *autre fois convict* would be a good answer and defense to a subsequent indictment for the larceny which was committed at the same time and by means of the burglary. It is all the same felony, and the lesser is merged and satisfied in the conviction and punishment of the greater. It is then established by the verity of the record, that the accused is guilty of the burglary and has suffered the penalty therefor. The plea to the subsequent indictment for the larceny, of *autre fois convict*, admits of record the truth of the charge of larceny contained in the indictment, and tenders the issue that it is part of the same felony of which the defendant has once been convicted, on the trial of the indictment for burglary. (*Arch. Cr. Pl.* 88. *The People* v. *McGowan*, 17 *Wend.* 386.) It may well be, that the defendant here, as the motion and the argument in his behalf seem to admit, ought to have been indicted and convicted of the brglary instead of the larceny. But it is plain

enough that the mere fact that he has not been so convicted, is no answer or defense to the larceny separately charged, and established to the satisfaction of the jury by the evidence. It would be a most dangerous doctrine to establish, that a defendant indicted for a felony may defend himself successfully and procure his acquittal by proving that he had at the same time committed a higher crime, which constituted a part of the same felony with that of which he stood charged by the indictment.

There can be no doubt, I apprehend, that where a person has been guilty of a burglary and a larceny at the same time, he may be indicted for either the burglary or the larceny, separately, and convicted of the offense charged. Whether, after having been indicted for one of such offenses only, and convicted upon that one, he could afterwards be indicted separately and convicted for the other, is quite another and different question, and one which could not legitimately arise until the second indictment. It is laid down, in some of the older authorities, that an acquittal, upon an indictment for a burglary, with intent to commit a larceny, but which does not charge the commission of a larceny, is no bar to a subsequent indictment for the larceny. The reason given is, that the defendant could not have been convicted of the larceny on the first indictment, inasmuch as it was not charged. (*Arch. Cr. Pl.* 88. 2 *Hale*, 245. *Rex* v. *Vandercourt*, 2 *Leach*, 716.) But if the first indictment, for the burglary, charges the commission of the larceny also, so that the defendant may be convicted of the larceny if the proof of the burglary is insufficient to establish that offense, but proves the other, the reason of the rule fails, and the rule with it. The acquittal would then be a bar to the subsequent indictment for the larceny.

But whatever may be the rule in regard to acquittals, there cannot, I apprehend, be two convictions, for separate acts, constituting the same felony. If it is all the same

felony, one conviction is a bar to any other, for the offense, of whatever degree. Thus in *Wrote* v. *Wigges*, (4 *Co. R.* 403,) it was resolved that a conviction for manslaughter was a bar to a subsequent indictment for the murder of the same person; and in that case it is said that "it was resolved without difficulty in *Holtroft's* case, that if a man commits murder, and is indicted and convicted, or acquitted of manslaughter, he shall never answer to any indictment for the same death, for all is one and the same felony, for one and the same death, although murder is, in respect of the circumstance of the forethought of malice, more odious."

It was upon this principle that it was held in the case of *The State* v. *Lewis*, (2 *Hawks*, 98,) that a conviction for larceny was a bar to a subsequent indictment for the robbery which accompanied the larceny, and which was part of the same felony.

I am of the opinion, therefore, that the conviction for the larceny which was committed by means of the burglary, will constitute a bar to any subsequent trial and conviction of the defendant for the offense of burglary. It was all one transaction, and constituted but one felony, though a compound one.

There is no ground, however, in this case, for any presumption that the defendant will ever be called upon to answer any indictment for burglary. He was a witness in his own behalf, upon the trial, and testified to his entire innocence both of the larceny and burglary. And had he been indicted for the burglary and larceny, it is by no means certain in view of the character of the people's principal witness, and of all the testimony together, that he would have been convicted of the burglary. He may be guilty of that, and may not be. But whether he was or was not, he was not entitled to be discharged, because it appeared on the trial that he probably was guilty of the higher offense also. There was no variance between the indict-

ment and the proof. The indictment was for larceny, and the proof tended strongly to establish it.

The exception to that part of the charge, set out in the case, is not well taken. It is a mere general exception, without specifying any grounds of error. Such an exception is of no avail. There was no request to charge otherwise in any particular.

The conviction must therefore be affirmed, and the proceedings remitted to the court of sessions of Wayne county for judgment and sentence upon the conviction.

[MONROE GENERAL TERM, March 7, 1870. *Johnson, J. C. Smith* and *Dwight,* Justices.]