## COMMONWEALTH *vs.* JAMES C. CHESLEY.

An indictment for obtaining money under false pretences alleged that the defendant, in-
tending to cheat B. H., falsely represented to her that he had a lease of a building which
he was authorized to assign to her; that by these representations she was induced to, and
did, purchase and receive his pretended right and estate in said building, and to hire,
and did hire, said building of him, "and to pay and deliver, and did pay and de-
liver," to him certain moneys; and that he sold, assigned and delivered his pretended
right, and let said building, and "did then and there receive and obtain" the said
moneys. No objection was made to the sufficiency of the indictment. *Held*, on the
trial, that evidence as to what B. H. paid the money for, and what it was received for,
was admissible.
Under the general issue in a criminal case the defendant cannot show a former acquittal.
On the trial of an indictment, testimony that the evidence in support of it was the same
as that in support of a former indictment, on which the defendant was acquitted, is in-
admissible, if the record shows that the acquittal was on the ground of a variance.

INDICTMENT, in Suffolk, alleging that the defendant, intending
to cheat and defraud Bridget Hurley, and to effect the sale and
assignment of his pretended interest in a certain building, falsely
represented to her that he held a lease of the building, two years
and ten months of which were unexpired, and that he had a good
right, title, estate and interest in the building, which entitled him
to assign and sell the lease, and to let the building for that unex-
pired time ; and further alleging that she "was induced, by rea-
son of the false pretences and representations so made as afore-
said, to purchase and receive, and did then and there purchase
and receive, of the said Chesley, the said Chesley's pretended
right and estate in the said building, and to hire, and did then
and there hire, the said building of the said Chesley for the said
term of two years and ten months, and to pay and deliver, and
did then and there pay and deliver, to the said Chesley," certain
moneys, " and the said Chesley did then and there sell, assign
and deliver his said pretended right, and did then and there let
the said building for the said term of two years and ten months,
and did then and there receive and obtain " the said moneys " by
means of the false pretences and representations, and with intent
to cheat and defraud " her of the moneys.

At the trial in the superior court, before *Putnam*, J., Bridget
Hurley was a witness, and the defendant objected to her stating

what she paid the money for, on the ground that there was no averment in the indictment as to what she paid money for, or what it was received for; but the judge overruled the objection. The defendant requested the judge, after the evidence was in, to instruct the jury that, for the same reason, no conviction could be had under this indictment; but the judge refused so to rule.

The defendant, having been called as a witness, was asked by his counsel this question : " At the trial of the complaint in the former case, was the evidence to substantiate the allegation of obtaining $50, mentioned in the said complaint, attempted to be supported by the same evidence as in this case ? " The Commonwealth objected to this question ; and the defendant's counsel, being inquired of as to the purpose of it, stated " that the defendant had been once complained of for this offence, in the municipal court of the city of Boston; that on appeal to the superior court he was tried and acquitted ; and that he should claim that these proceedings were a bar in this case." The record of the former trial was then produced, and it appeared, upon inspection of it, that the verdict was " Not guilty, by reason of a variance." The judge thereupon refused to allow the question to be put.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*P. H. Hutchinson*, for the defendant.

*C. Allen*, Attorney General, *(J. C. Davis*, Assistant Attorney General, with him,) for the Commonwealth.

Colt, J. This indictment is to be taken as sufficient. No question was raised at the trial in regard to it, and it is too late to raise any formal objection to it now.

The evidence objected to was admissible. It was necessary, in order to prove the offence, to show that the pretences used were false, and were effectual in accomplishing the fraud charged. *Commonwealth* v. *Hulbert*, 12 Met. 446.

If the defendant relied upon a former acquittal, he should have pleaded it specially, so that issue might have been taken upon it, either to the court or the jury. It cannot be proved under the general issue. *Commonwealth* v. *Merrill*, 8 Allen, 545. The record in the present case showed that the former acquittal was

by reason of a variance, and so could not be a defence to this indictment. The offence for which the defendant was here tried and convicted was not the offence described in the former indictment, or there could have been no variance. *Commonwealth v. Wade*, 17 Pick. 395, 401. *Exceptions overruled.*