State *v.* Lang.

STATE OF MAINE *vs.* ANDREW LANG.
SAME *vs.* JOHN HOWLEY.
SAME *vs.* MICHAEL HOWLEY.
SAME *vs.* PATRICK MCGLINCHY.

*Criminal pleading and evidence.*

By the nineteenth rule of this court, a motion in arrest of judgment, made while exceptions taken at the trial are pending, is not to be regarded as a waiver of the exceptions.

In an indictment under the statute for keeping a liquor nuisance, an allegation that the respondent unlawfully kept a shop, used for the illegal sale of intoxicating liquors is sufficient to negative his authority to sell.

The indictment is not chargeable with duplicity, because several different causes are set out as descriptive of the nuisance; they describe but a single offence.

It is not necessary to allege that the shop was a place of "ill fame;" nor that it "was resorted to," instead of "was used" for illegal purposes; nor to allege the names of any persons to whom sales were made on the premises; nor to describe the place any more definitely than to name the town and county where situated.

Judgments obtained in criminal cases are conclusive evidence, between the same parties, of all the facts necessarily adjudicated by them, not excepting such judgments as are based upon a plea of guilty or of *nolo contendere.*

Officers' returns upon warrants under the search and seizure process are admissible in evidence as a part of the records of judgments; and, under a conviction in such a proceeding, the presumption is that the respondent had in his possession all the liquors so described in the officer's return, where nothing to the contrary appears.

A judge is not bound to require a jury to bring in a special finding upon each count in an indictment, where the counts are in proper form, and relate to the same offence.

State v. Lang.

ON EXCEPTIONS.

INDICTMENTS under R. S., c. 17, § 1, which provides that, "all places used as houses of ill fame, resorted to for lewdness or gambling, for the illegal sale or keeping of intoxicating liquors, are common nuisances," alleging that the respondent on the twelfth day of October, 1873, and on divers other days and times between that day and the day of the finding of this indictment, at Portland, &c., did knowingly and unlawfully keep and maintain a certain shop, there situate, then and on said other days and times, there by the respondent kept and used for the illegal sale, and for the illegal keeping of intoxicating liquors, and then and on said other days and times resorted to for tippling purposes, with the knowledge and consent of the respondent and in which said shop intoxicating liquors were then and on said other days and times sold contrary to the provisions of law, by the respondent for tippling purposes to be drunk in said shop, and then and on said other days and times were actually drunk therein, with the knowledge and consent of the respondent, to the great damage and common nuisance of all citizens of said State, &c., &c.

The respondents were referred to in the places where the name occurred in the indictment after its first statement, as "the said Lang," "the said Howley," &c. The second count fixed the time of the offence by reference to the first count. The rulings, instructions and refusals to instruct by which the respondents were aggrieved and the grounds of the motions in arrest of judgment, which were overruled by the justice of the superior court, before whom these cases were tried, sufficiently appear in the opinion.

*Mattocks & Fox*, for the respondents.

*Charles F. Libby*, county attorney, for the State.

PETERS, J. These cases were presented together in argument, under exceptions taken to the sufficiency of the indictment and to the rulings at the trial.

The counsel for the State relies upon the case of *State* v. *Wing*,

32 Maine, 581, as deciding that the motions in arrest are a waiver of any exceptions taken at the trial. The point established there was, that the motion in arrest was premature, while exceptions raised at the trial were pending. The practice then was to file such motion after the exceptions were disposed of. But the rules of this court (rule 19, 37 Maine, 574,) now require that a motion in arrest shall be made during the term in which the accused has been found guilty. So that all the questions now presented by the respondents are properly before us.

All these cases may be regarded as presenting the same points, as far as the sufficiency of the indictments is concerned. The objections taken are various, but all of them are not now insisted upon. We shall notice such as are. We think that the indictments are not obnoxious to any of the defects imputed to them.

The first count, it is contended, contains nothing to negative the authority of the respondent to sell intoxicating liquors. It is alleged therein, among other things, that the respondent unlawfully kept a shop used for the illegal sale of intoxicating liquors ; and that he there sold liquors contrary to the provisions of law, and for tippling purposes. There is no exception or qualification in the enacting clause of the statute, upon which this proceeding is founded, which requires a guarding against. The negative description must be averred only when it is an essential ingredient of the offence intended to be charged. A person might legally make a single sale, or a plurality of sales, as a licensed common seller. But there can be no license to keep liquors for unlawful sale, or to maintain a tippling shop, or a nuisance. In Massachusetts, the authorities to this point are numerous. See *Commonwealth* v. *Bennett,* 108 Mass., 27, and cases there cited. *State* v. *Casey,* 45 Maine, 435.

The next cause in arrest relied on, is, that the first count is double, charging two or more separate and distinct liquor offences therein. The counsel for the State contends, that the objection to duplicity cannot be set up after verdict ; but that it can be taken upon demurrer only, unless made available on a motion to quash.

It is certain that this objection to the first count is immaterial, provided the second count in the indictment is a valid one. *State v. Burke*, 38 Maine, 574. But it may be best to meet the point of duplicity upon its merits, as the question will probably arise again, if not already pending in other cases. We are very clear that only one offence is charged in these indictments; and that is an alleged statutory nuisance. Several independent causes are set out as constituting it. They are the facts relied on to prove the charge. Proof of either of them proves the nuisance; proof of all can prove no more. If the respondent kept a shop, used for the illegal sale of liquors to be carried away, he kept a nuisance. If he kept a shop, used for the illegal sale of liquors to be drank upon the premises, then he kept a nuisance. If he kept a shop, used for the illegal keeping of liquors merely, in such case he kept a nuisance. And if he kept a shop used for all of these purposes, and also for all the other improper purposes enumerated in the nuisance act, he then also kept a nuisance, and no more than a nuisance. The penalty therefor is not necessarily more upon proof of all, than upon proof of any one, of the various and different matters descriptive of the offence. A conviction for one kind of illegal keeping of the premises as a nuisance would be a bar to any other indictment for any or all the other kinds described in the statute, for the period of time covered by both indictments. This question has been decided in numerous cases in Massachusetts, where a statute similar to ours existed for some time before ours was enacted. *Commonwealth v. Kimball*, 7 Gray, 330; *Commonwealth v. Foss*, 14 Gray, 50; *Commonwealth v. Welsh*, 1 Allen, 1; *Commonwealth v. Carolin*, 2 Allen, 169; *Commonwealth v. Curtis*, 9 Allen, 269; *Commonwealth v. Finnegan*, 109 Mass., 363.

The next point is, not that too much, but that too little, is alleged; and that it should have been charged that the shop of the respondent was "a house of ill fame." But it results from what is before said, that such an allegation is unnecessary. This is an offence under the statute, and not at common law. This point was decided in *Commonwealth v. Edds*, 14 Gray, 406.

A further objection is, that it should have been alleged that the shop of the respondent "was resorted to." The words of the counts are "was used." An attempt at condensation by the revisers of the statutes may have slightly obscured the construction of R. S., c. 17, § 1, by leaving out a word or two, or by the use of inaccurate punctuation. Still the meaning cannot be mistaken. The correct reading of it, in its application hereto, is, that all places "used for" the illegal sale or keeping of intoxicating liquors, are common nuisances. See 13 Gray, 26.

We do not think that the name of the accused need be repeated in full in every statement in the counts, whenever referred to. A reference that makes a clear identification is enough. *Commonwealth* v. *Melling*, 14 Gray, 388 ; *Commonwealth* v. *McAffee*, 108 Mass., 458.

Nor do we think that the second count in the indictments is defective, because it does not set out the year in which the offence was committed, more distinctly than by referring to "the year aforesaid" in the first count. By a practical construction, the reference must be clearly understood to be the year last named in the first count, and not to the year named in the caption of the indictment. Such would be also the strict grammatical construction. This point is decided this way in *Commonwealth* v. *Mc-Kenney*, 14 Gray, 1.

We also think the indictments valid, although they purport to be found by the grand jury, "upon their oaths," instead of upon their "oath." In reality it is not a joint oath that is taken. The jurors are not all sworn at the same time. The distinction cannot be an important one. The same objection arose in the case of *Commonwealth* v. *Sholes*, 13 Allen, 554, and was overruled.

Another point raised upon the motion in arrest is, that the names of the persons to whom the sales were made should be stated, if known ; and, if not known, that it should be so alleged. But this was not necessary. No allegation of sales was required. The offence described in the nuisance statute is not selling liquors, but the keeping and using a place for the purpose of selling. The

keeping the place is the gist of the offence. Selling in the place, without keeping it, is not the offence complained of here. *Commonwealth* v. *Kelly*, 12 Gray, 174 ; *Commonwealth* v. *Farrand*, Id., 177.

It is lastly objected against the indictments, and more especially one of them, that the place, kept as a nuisance, is not sufficiently described. This objection is not a good one. *Commonwealth* v. *Gallagher*, 1 Allen, 592, is a precise and pertinent authority upon this point. The case of *State* v. *Robinson*, 49 Maine, 285, relied on by the defence, relates to the carefulness and precision of description that is required in a warrant to search particular premises; a public right guarded by strict constitutional provision. This is widely distinguishable from that case. It is immaterial that one of these respondents kept two places. That might make some difficulty about proofs at the trial, but cannot affect the validity of the indictment.

Various records of judgments were admitted in evidence, against the objection of the respondents. But such evidence is as admissible in a criminal case, as in civil cases. The records were between the State and the respondents, and were judgments in criminal cases. The parties were the same. The degree of proof required was the same in the cases. The respondent could be a witness in all of them. We see no reason why the previous judgments were not conclusive evidence, between the State and the respondents, in these trials, of all the facts necessarily adjudicated by them. The law is so settled in Massachusetts. *Commonwealth* v. *M'Pike*, 3 Cush., 181; *Commonwealth* v. *Austin*, 97 Mass., 595; *Commonwealth* v. *Evans*, 101 Mass., 25. In one of the cases at bar, the objection is made, that the record was founded upon a plea of guilty; and in another upon a plea of *nolo contendere*. We regard the fact as just as conclusively shown in either of these instances, as if there had been a trial. The solemn admission of record, followed by judgment, is just as satisfactory proof of it, as a conviction could be that was in all respects resisted. As an admission, it would be *prima facie* proof only, as

State v. Lang.

between the respondent and third persons; but, between the respondent and the State, it would be conclusive.

It is objected that the officers' returns upon search and seizure processes were admitted in evidence, as a part of the record of judgments. We have no doubt about their admissibility. In fact, there could be no conviction in such a proceeding, without an officer's return. It is a part of the proceedings, without which an arraignment cannot be made. The effect of it as evidence would be another question. And here, one of the respondents takes exception to an instruction of the judge, that a record of conviction in a search and seizure process was evidence that the respondent had, at a certain time and place, the liquors described in the officers' return on the warrant, with the intention of selling the same in violation of law. The respondent contends that all the record legitimately shows is that he then and there had some of the liquors, but not necessarily all of the liquors, described in the officers' return; inasmuch as the same general verdict of guilty would have been rendered against him, upon proof of having any of them, as upon proof of having all of them. We do not think so. Nothing else appearing, the presumption is that the respondent did have in his possession all of the liquors described in the return, if there is a general verdict of guilty. The warrant contains nothing but a very general allegation. But the officer's return amounts to the presentment of a bill of particulars, to which the proofs and the judgment must apply. The return limits the more general charge, and in this way becomes a part of the allegations. When a respondent pleads, he does so as to the liquors thus described. He can plead guilty as to a part, and not guilty as to a part. And so can the record be. It partakes somewhat of the character of proceedings in the civil action of replevin. But where the conviction is a general one, the implication is that all the allegations, as limited by the officer's return, were sustained. State v. Somerville, 21 Maine, 20; Commonwealth v. Stebbins, 8 Gray, 492.

But it is alleged that the records were not admissible in evidence

for the purposes for which they were received, because of the allegation in the warrants upon which the records were based, that the respondent was "not authorized by law to sell said liquors within said Portland," instead of an allegation that he was not authorized to sell within the State. But that allegation was merely surplusage, and, as seen before, no negative allegation of that sort was necessary. See *State* v. *Connelly*, argued and decided at this term, and reported upon page 212 of this volume.

An exception is taken, in one of the cases, to a refusal of the judge to direct the jury to bring in separate findings upon the counts in the indictments. He was not bound to do so, in a case like the present, where the two counts relate to the same offence, and are in proper form. The punishment would be the same, whether the conviction is upon one or both the counts. *State* v. *Wright*, 53 Maine, 328; *Commonwealth* v. *Desmarteau*, 16 Gray, 1.

We can perceive no error in any of the other rulings. The instructions, though not in the language of the requests in all cases, were correct. Complaint is made that, in one of the cases, the judge in his charge expressed an opinion as to the guilt of the accused. We do not find the charge to be amenable to such an objection. It is inferable, that the counsel for the respondent made some appeals to the jury hardly warrantable upon the evidence in the case, and that the court undertook to correct any wrong impression which they might produce. Lord Hale said of the duties of judges, that "a jury should be told where the main question or knot of the business lies." This was the object of the judge in this case.                    *Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.