## STATE *v.* BUZZELL.

The refusal of the court to repeat a ruling once distinctly made in a trial is no cause for a new trial.

One may be convicted of either of two felonies which have so merged that, if the proper plea were interposed, he could not be convicted of both.

When the record shows that the jury found the defendant guilty of being an accessory to murder in the first degree, judgment cannot be arrested or reversed on the ground that the degree was not expressly stated in the verdict.

If the absence of the defendant from a view taken by the jury in a capital trial may be cause for granting him a new trial under some circumstances, it is no such cause when he had an opportunity, and declined an invitation, to be present.

INDICTMENT, for being accessory, before the fact, to the murder of H., by counselling, hiring, and procuring C. to commit the murder.   Reported in 58 N. H. 257.   Plea, not guilty.   C., being called as a witness by the state, gave evidence of the details of the murder, and of the previous counselling, hiring, and procuring.   A part of his testimony was, that he shot H. in the presence of the defendant; and that the defendant levelled the gun, and ordered him to fire.   The defendant objected to this evidence, on the ground that it tended to show that he was a principal, and did not tend to prove the crime charged.   The state's counsel said it was offered, not for the purpose of showing that the defendant was an accessory, but for the sole purpose of showing that C. committed the murder. The court admitted the evidence, stating that it was competent for the purpose suggested, and for no other.   No other use was made of it at the trial, in argument or otherwise, than as it bore upon the question of C.'s guilt.   The defendant excepted to the refusal of the court to instruct the jury, in the charge, that a person cannot be convicted as accessory by proof that he was present, aiding and abetting.   The defendant also excepted to the refusal of the court to instruct the jury that if he was a principal he could not be convicted as an accessory.

The jury found the defendant guilty, and he moved in arrest of judgment because the jury did not find whether he was accessory to murder of the first or to murder of the second degree.   He also moved for a new trial because he was not present at a part of a view taken by the jury.   He had an opportunity, and declined an invitation, to be present.   Judgment was rendered on the verdict, and a bill of exceptions was allowed.

*Copeland* and *Edgerly*, for the defendant.

*The Attorney-General*, for the state.

BINGHAM, J.   I. The evidence tending to show that the defendant was present at the murder, aiding and abetting C., was offered and received, not for the purpose of showing that the defendant was present as a principal, nor for the purpose of inferring from his presence that he had been an accessory, but as a part of C.'s

testimony, tending to prove the allegation of the indictment that
C. murdered H.   It was as necessary for the state to prove that C.
committed the murder, as to prove that the defendant had pre-
viously incited him to commit it; and there was no error of law in
the admission of the whole of the narrative of the transaction given
by C.   It was for the jury to say what part of his testimony, if
any, was true, and what part, if any, was false.  While they might
well believe that C. committed the murder, and that the defendant
had previously hired him to commit it, they might well doubt, upon
all the evidence, whether the defendant was present when C. fired
the gun.   The evidence to which the defendant objected was com-
petent for the special purpose for which it was offered.   Its com-
petency for that purpose, and its incompetency for any other pur-
pose, were distinctly declared by the court when it was received.
No other use was made of it than as it bore upon the question of
C.'s guilt.   The law being once declared by the court, the defend-
ant had no more right to require it to be repeated once, than to re-
quire it to be repeated twice, or ten times.  Whether the statement
of law, once distinctly made, and acted upon by counsel throughout
the trial, should have been repeated, and how many times, is not a
question of law.   If the statement was correct, it might be repeat-
ed; but the judgment cannot be reversed because it was not re-
peated,—especially when no other use was made of the evidence
than the legal one announced by the state's counsel and by the
court.   The refusal to repeat the law once laid down was not error
in law.

Whether evidence that the defendant was present, aiding and
abetting C. in the murder, might tend to prove that at a previous
time and in another place he instigated C. to commit the crime, is
a question there is now no occasion to consider.   It might be im-
probable that the instigation began at the time and place of the
murder, and that they met there accidentally, or on other business.

II.   The defendant pleaded the general issue, and not his former
acquittal of being a principal, because the latter plea would have
been bad on demurrer.   *State* v. *Buzzell*, 58 N. H. 257.   On the
former indictment, charging him as principal, he could not be
convicted, or acquitted, as accessory.   On this indictment, charg-
ing him as accessory, he could not be convicted or acquitted as
principal.   He now contends, not that his acquittal is a defence,
but that if he was guilty of the crime of which he was acquit-
ted, he could not be guilty of the crime of which he was convicted.
It is not apparent how he could be entitled to the instruction
requested on this point, when his objection to the evidence of
his being a principal had been accepted by the state, sustained
by the court, and acted upon by both parties, and the whole
trial had proceeded, as he desired and proposed it should, on the
ground that the question of his being a principal was excluded
from the consideration of the jury.   Under the restrictions asked

by him, adopted by the state, and confirmed by the court, there was in the case no evidence to which such instruction could be applied.

If one who is a principal cannot be convicted as accessory before .the fact in the same felony, the reason must be that the crime of being accessory merges in the crime of being principal, and the two crimes become one, as C.'s crime of assault with intent to kill merged in his crime of murder, for the purpose of preventing the punishment of both. Had the defendant been convicted as a principal on the former indictment, the judgment would have been conclusive evidence, for the state, and against him, in any other case between the same parties, that he was a principal. *Com.* v. *M'Pike*, 3 Cush. 181; *Com.* v. *Austin*, 97 Mass. 595, 597; *Com.* v. *Evans*, 101 Mass. 25; *State* v. *Lang*, 63 Me. 215, 220; *Reg.* v. *Blakemore*, 2 Den. Cr. C. 410; *Queen* v. *Haughton,* 1 El. & Bl. 501. If, on this indictment, the judgment of acquittal on the former indictment is conclusive evidence, for him and against the state, that he was not 'a principal, and if it is evidence for the state as well as for him,—if the estoppel is mutual,—the fact is incontrovertibly established, in this case, that he was not a principal; and it is a point adjudicated between these parties that there was no crime of his in which his crime of being accessory could merge; that merger was impossible because he was not a principal. The question could have been raised by a plea of his guilt as a principal, a replication of his acquittal, and a demurrer to the replication. As such a plea would be bad, it is not necessary to consider whether such a replication would be good. On this indictment for being accessory, the defendant would neither plead nor prove that he was not guilty of the crime charged, by pleading and proving that he was guilty of the other crime of being a principal.

If the acquittal does not render a merger impossible, and if the crimes of principal and accessory so merge that a conviction of either is a bar to an indictment for the other (a point on which we express no opinion), such a merger is no defence in this case. One may be convicted of either of two felonies which have so merged that if the proper plea were interposed he could not be convicted of both. If the defendant was, in fact, both a principal and an accessory, and if, in law, on the plea of former conviction, he could not be convicted of either crime after he had been convicted of the other, he could, on the plea of not guilty, be convicted of either when he had been previously convicted of neither. *State* v. *Archer*, 54 N. H. 465, 468; *State* v. *Snyder*, 50 N. H. 150, 155, 159; *State* v. *Emerson*, 53 N. H. 619; *State* v. *Leavitt*, 32 Me. 183; *State* v. *Smith*, 43 Vt. 324; *Com.* v. *Squire*, 1 Met. 258, 264, 265; *Com.* v. *M'Pike*, 3 Cush. 181, 185; *Com.* v. *Burke*, 14 Gray 100; *Com.* v. *Bakeman*, 105 Mass. 53, 61; *Com.* v. *Dean*, 109 Mass. 349, 351, 352; *State* v. *Shepard*, 7 Conn. 54; *State* v. *Parmelee*, 9 Conn. 259; *People* v. *Smith*, 57 Barb. 46; *Barnett* v.

*People*, 54 Ill. 325, 330, 331; *Reg.* v. *Neale*, 1 C. & K. 591; S. C.,
1 Den. Cr. C. 36; *Reg.* v. *Button*, 11 A. & E. (N. S.) 929, 947,
948; *Bank Prosecutions*, Russ. & Ry. 378; 3 Inst. 139; 2 Hawk.
P. C., *c.* 29, *s.* 1; 1 Russ. Cr. 31; 1 Bish. Cr. L., *s.* 608; Lewis Cr.
L. 599; Bick. Cr. Pr. 15.

If he were accused of committing the crimes of arson and mur-
der by the single act of firing a house, there would be a question
on a plea of former conviction whether he could be tried for either
crime after he had been convicted of the other. *State* v. *Cooper*,
1 Green (N. J.) 361. If he were acquitted of either on the
ground that he did not set the fire and was not present when it
was set, and then, being indicted for the other, pleaded the judg-
ment of acquittal, and proved his necessary averment of the
identity of the alleged act (1 Gr. Ev., *s.* 532; 3 Gr. Ev., *s.* 36;
*Morgan* v. *Burr*, 58 N. H. 470), there would be a question whether
he could be twice put in jeopardy for the single alleged act. He
would contend, that for all the purposes of the criminal law
between the same parties such a judgment was conclusive, and
that the fact of his not being a principal in firing the house was
established by such a judgment acquitting him of either crime, and
was an indisputable fact on an indictment for the other. If he
was not such a principal in one case, he could not be in the other.
But if he were acquitted of the murder on the ground that the
person alleged to have been murdered was not killed by the fire,
or was wrongly named in the indictment (*State* v. *McCoy*, 14 N.
H. 364, 366; *Com.* v. *Chesley*, 107 Mass. 223; 1 Bennett & H. Cr.
Cas., 2d ed., 535), the acquittal would not sustain his plea of not
guilty to a subsequent indictment for the arson. If, not having
been convicted of the murder, he were indicted for the arson, and
pleaded that the act charged was murder as well as arson, his plea
would be bad on demurrer; and if, not having been convicted of the
arson, he were indicted for the murder, and pleaded that the act
charged was arson as well as murder, his plea would be bad on de-
murrer. There would be no such merger as would prevent his being
convicted of either of the crimes committed by the single act. At
the trial of this case, on the plea of not guilty of an act of an
accessory committed at one time and place, proof of another act,
committed by the defendant as a principal, at a subsequent time
and at a different place, would not maintain his plea.

III. Whether a verdict of guilty of murder, not in terms finding
the degree, is insufficient when the record shows the degree found
by the jury, is a question not raised in this case. Section 2 of *c.*
264 of the General Statutes is applicable only to a case in which
the defendant is found guilty of murder. But if the record did
not show that the jury found C. guilty of murder in the first degree,
it might be argued that the judgment against the accessory could not
be capital. It appears by the bill of exceptions, which is a part
of the record (Gen. St., *c.* 189, *s.* 9), that the charge was that C.'s

crime was murder in the first degree; that the evidence was of that degree and no other; and that no question was raised as to the degree. It appears, therefore, with certainty, by the record, that the verdict of the defendant's guilt included the finding of C.'s guilt of the first degree.

IV. The defendant's non-acceptance of the invitation to accompany the jury a portion of the time on the view is no ground for reversing the judgment.

*Exceptions overruled.*

FOSTER, STANLEY, and. CLARK, JJ., did not sit: the others concurred.