COMMONWEALTH *vs.* HENRY P. LINE.

Suffolk.     April 1, 1889. — April 6, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Intoxicating Liquors — Common Nuisance — Evidence — Record — Admission.*

At the trial of a complaint for keeping and maintaining a common nuisance, to wit, a tenement in B. used for the illegal keeping and sale of intoxicating liquors, after evidence of the record of a plea of guilty by the defendant to a complaint for unlawfully keeping for sale such liquor at B. on a certain day during the time alleged, the government offered evidence tending to prove that the place where he kept liquor for sale on that day was the same tenement as that described in the complaint; and subsequently the defendant testified that he occupied the same tenement on that day, and had it in his mind when he pleaded guilty. *Held*, that the record thus supplemented was sufficient to justify a verdict of guilty.

COMPLAINT for keeping and maintaining a common nuisance, to wit, a tenement in Boston used for the illegal sale and illegal keeping for sale of intoxicating liquors, from June 28, 1888, to December 28, 1888.

At the trial in the Superior Court, before *Hammond*, J., the government introduced evidence tending to show that the defendant, during the time alleged, lived in a house on Pleasant Street in Boston, being the tenement·in question, where he had a victualling saloon; that on several occasions during the same time liquors in small quantities were found in the house by officers; and that a sale of liquor was made in the house by the defendant.

The government then offered in evidence a record of the Superior Court showing that the defendant had, on August 21, 1888, pleaded guilty to a complaint charging him with unlawfully keeping for sale intoxicating·liquors· on July 20, 1888, at Boston. The defendant objected to the introduction of this record, but the judge admitted so much of it as showed that the defendant appeared in. court and pleaded guilty, and the defendant excepted.

There was nothing in the record showing where the liquors, for the illegal keeping of which the defendant pleaded guilty,

were kept, whether in the house on Pleasant Street or elsewhere.

The government then introduced evidence that on July 20, 1888, the defendant carried on business at the house on Pleasant Street, and there was no evidence that he had any business elsewhere. Subsequently, the defendant testified in his own behalf, and it was then admitted that when he pleaded guilty he had this place in Pleasant Street in his mind, and that his business was there on July 20, 1888.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. B. Moran & W. E. Rogers*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

BY THE COURT. The record of a plea of guilty by the defendant to a complaint charging him with unlawfully keeping for sale intoxicating liquor at Boston on July 20, 1888, was competent as a step in the proof that he kept a tenement used for the illegal sale and keeping of intoxicating liquor, as charged in the complaint before us. Standing by itself, it would not be sufficient proof, because his admission by the plea does not identify the place where the liquors were kept. But the government offered evidence tending to prove that the place where he kept liquor for sale on July 20, 1888, was the same tenement described in this complaint; and, further, the defendant, being a witness in his own behalf, testified that the place described in the complaint was the place occupied by him on July 20, 1888, and which he had in his mind when he pleaded guilty. The record thus supplemented by other proof was competent, and sufficient to justify a verdict of guilty. *Commonwealth* v. *Austin*, 97 Mass. 595. *Commonwealth* v. *Hazeltine*, 108 Mass. 479.

*Exceptions overruled.*