## STATE *vs.* EDWARD LIBBY.

Kennebec.    Opinion December 14, 1892.

*Practice. Criminal Law. Complaint. Trial. R. S., c. 134, § 24.*

In an appealed case the court can allow and receive a new and correct copy of the complaint at any time before the case is given to the jury.

Upon the discovery of the error in the copy of the complaint in such case, after the trial is begun, the court has the discretion to suspend the trial, to be resumed upon the correction of the error, or to stop the trial and begin it again after such correction.

ON EXCEPTIONS.

This was an appeal from the Municipal Court of the City of Waterville to the Superior Court, for Kennebec County, on a search and seizure process for the illegal keeping, &c., of intoxicating liquors.

The trial in the Superior Court was commenced the twenty-first day of the term, when the clerk made the announcement

usually made to the respondent before trial. A jury was then sworn, and the clerk commenced the reading of what purported to be a copy of the complaint, but before finishing the reading it was discovered that no offense was charged in the copy as it then stood; the case was then suspended until the twenty-second day of the term, when the County Attorney suggested a diminution of the record and upon his motion, the court ordered that the copy of complaint be amended in accordance with the fact and such amendment was made by inserting the words, "intoxicating liquors were kept and deposited by," before the name of the respondent in said complaint. A jury was then regularly empanneled and sworn, consisting of the same jurymen as first sworn in the case; the complaint as amended was read to them and the respondent put upon trial, the case tried and a verdict of guilty rendered.

To the allowance of the amendment and the empanneling of the jury, after the amendment was allowed, the respondent seasonably objected and to the rulings of the presiding justice allowing the same, he excepted.

The defendant, after verdict and before judgment moved that the judgment be arrested, for the reason that no offense in the complaint in said action is alleged, in that there is no allegation in said complaint that said intoxicating liquors were kept and deposited at any place in this State by any person or by any persons unknown.

This motion was overruled by the court and the defendant excepted.

*C. E. Littlefield*, Attorney General, and *L. T. Carleton*, County Attorney, for the State.

*W. T. Haines*, for defendant.

No offense was charged in the complaint as first read and before it was amended. *State* v. *Dodge*, 78 Maine, 439. Defendant should have been discharged by order of court, or at least the amendment should have then been made, and the trial proceeded before the jury, before whom he had been placed for trial; the fact that the second jury happened to be the same

men as the first, cannot affect the principle involved.  If this was correct procedure it would have been just as correct if the jury had been of different individuals from the first jury. Section 74 of chapter 82 of R. S., provides for the empanneling of a jury in all cases except capital cases, and says in closing that "After the panel is thus completed the presiding justice shall appoint a foreman for the trial of the case."

This was done in the case at bar.  There is no provision in the statute for the empanneling of a jury a second time, or of the selecting of a second jury in the same case.

That the case could have been adjourned from day to day in order to correct the record, if ordered by the Court is not denied, but that the trial can be closed, and commenced again, for such a purpose, before a new jury, is denied.  Sickness and disqualification of a juryman, or of the defendant, make a necessity often that can only be met with a postponement of the case, and another trial may properly be begun and gone through with ; but no such necessity is shown in the case at bar.

Counsel also cited : 2 Black. Com. 360 ; Whar. Crim. Law, § § 590, 3168 ; *The People* v. *Barrett and Ward*, 2 Caines, 304 (2 Am. Dec. 239) ; *People* v. *Alcott*, 2 Johns. Cases.

EMERY, J.   The defendant and appellant made several objections to the proceedings and rulings of the appellate court upon the trial of his appeal.

1.   He objected to the amendment of the imperfect copy of the complaint and process making it a true copy.  The amendment was clearly allowable.  The court was entitled to a correct copy, and could receive it at any time before the case was given to the jury.  *Com.* v. *Phillips*, 11 Pick. 29 ; *Com.* v. *Magoun*, 14 Gray, 398.

2.   He also objected to the empanneling of the jury anew after the new and correct copy of the complaint was obtained.   Upon the discovery of the error in the copy after the trial was thus begun, it was within the discretion of the court to suspend the trial to be resumed after the correction of the error, or to stop the trial and begin it again after such correction.   *Com.* v. *Kelly*, 12 Gray, 123 ; R. S., c. 134, § 24.

The copy of the complaint upon which the jury was first empanneled did not disclose any offense, nor did the defendant upon the second empanneling interpose any plea of former jeopardy. *Com. v. Chesley,* 107 Mass. 223.

3.   The defendant moved in arrest of judgment upon the ground that the first copy charged no offense. The judgment, however, will be upon the second and true copy which does charge the offense.

*Exceptions overruled.    Judgment for the State.*

PETERS, C. J., WALTON, VIRGIN and WHITEHOUSE, JJ., concurred.