Commonwealth *v.* Farrell.

*M. J. McCafferty*, for the defendant. 1. The burden was on the Commonwealth to prove that home-brewed beer was an intoxicating liquor. The judge refused the defendant's request in terms for such a ruling, and submitted the case to the jury with instructions which authorized them to convict if they should find that the defendant sold this kind of beer and that it was intoxicating. But under this instruction the jury might be " satisfied " of its intoxicating character by a mere preponderance of evidence, without proof beyond a reasonable doubt; or even without any proof at all.

2. The evidence about persons going out of the house with vessels was incompetent, without proof that intoxicating liquors were carried in the vessels. There was no evidence that the persons had any connection with the defendant, or who they were; and, for all that appears, the vessels may have been empty.

*C. Allen*, Attorney General, for the Commonwealth.

---

COMMONWEALTH *vs.* THOMAS FARRELL.

After a jury had been empanelled to try the defendant on his plea of not guilty to an indictment, he was allowed to withdraw that plea and file a plea in abatement for misnomer, which was sustained and the indictment quashed. *Held*, that he could not object to being tried on a new indictment for the same offence, on the ground that he had been once put in jeopardy.

Specifications of the offence in a criminal case are not part of the record; nor is the Commonwealth limited to them at a subsequent trial of the case in a higher court on appeal.

COMPLAINT, dated February 10, 1870, to the municipal court of Worcester, for keeping a liquor nuisance in that city on July 1, 1869, and divers other days and times between that day and the date of the complaint. On the defendant's motion, specifications of time were ordered; and were filed accordingly, specifying Oc

tober 21, November 1, and December 16, 1869, and January 4, 1870, "and no other times," as the times when the offence was committed. The defendant was thereupon tried and found guilty, and appealed. A copy of the specifications was transmitted to the superior court, with the copy of the record of the municipal court.

In the superior court, at May term 1870, the defendant filed a special plea in bar of the proceedings, because at January term 1870 of that court an indictment was found against him under the name of James Farrell, for maintaining the same tenement as a liquor nuisance on October 1, 1869, and divers other days and times between that day and January 15, 1870, " to which said indictment the said Thomas Farrell pleaded that he was not guilty of the offence therein charged against him, and thereof he put himself upon the country, and the Commonwealth did the like, and there-upon at said court," on January 25, 1870, " a jury was duly empanelled to try the said issue, and thereby he was put in jeopardy under the said indictment, as by the record thereof now fully and at large appears; and said Thomas Farrell further says that, although no verdict was reached in that case, the failure thereof was not owing to anything which in law should subject the said Thomas Farrell to be again put in jeopardy, and the record of said former jeopardy still remains and is in no way reversed or made void; and said Farrell further says that he and the said Farrell mentioned in the former indictment are one and the same person and not other, and the said offence for which he now stands complained of is the same offence mentioned in said former indictment and not other."

The allegations in this plea were admitted by the Commonwealth to be true; and it was admitted by the defendant that, after the jury were empanelled to try the indictment at January term 1870, he was allowed to withdraw his plea of not guilty, and to file a plea in abatement on the ground of misnomer, which plea was sustained and the indictment abated. The defendant then requested a ruling that he had been once in jeopardy for the offence charged in the complaint, and could not be again put upon trial for the same offence; but *Dewey*, J., overruled the plea, and

ordered the defendant to plead over to the complaint, whereupon he pleaded not guilty.

At the trial, the witnesses for the Commonwealth testified to acts and declarations of the defendant, tending to prove the commission of the offence by him between July 1, 1869, and February 10, 1870, but did not testify to any acts and declarations on the particular days alleged in the bill of specifications in the municipal court. The defendant made no objection till after the evidence was closed, and then requested the judge to rule " that, there being no evidence in the case tending to prove the commission of the offence at the times specified in said bill of specifications, the defendant could not be convicted ; " but the judge ruled " that the Commonwealth was not confined, in its evidence, to the times alleged in said bill, but it was sufficient if the jury were satisfied that the defendant had been guilty of the offence charged at any time within the dates alleged in the complaint."

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*J. H. Stockwell*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

CHAPMAN, C. J. 1. In the former prosecution, the permission which was given to the defendant to withdraw his plea of not guilty and file a plea of misnomer in abatement, and the abatement of the indictment on that ground, relieved him from being put in jeopardy. *Commonwealth* v. *Sholes*, 13 Allen, 554. 1 Bishop Crim. Law, § 865. The proceedings in that case are therefore no bar to this prosecution for the same offence.

2. The complaint is for keeping a liquor nuisance on the 1st of July 1869 and on divers other days and times between that day and February 10, 1870. A single offence is thus charged ; and, after a trial on the merits, no second prosecution could be maintained for the same offence during the period named.

Specifications are ordered at the discretion of the court before which a cause is to be tried. They affect the proof and mode of trial, and not the indictment ; they are not a part of the record, and are not subject to demurrer, but are merely to give notice, and guard against surprise on the trial. *Commonwealth* v. *Davis*, 11 Pick. 432, 435.

When this cause was appealed from the municipal to the superior court, the specifications ordered to be filed in the municipal court to regulate its proceedings did not bind the judge of the superior court, and he had authority to permit the prosecuting officer to prove the alleged offence by any proper evidence. It was necessary to prove the same offence that was proved in the court below, but not necessary to prove it by the same evidence. It would be the duty of the judge to protect the defendant against surprise, by ordering a new specification, if he deemed it necessary. But none was moved for; and no objection was made to any of the evidence offered. And although the evidence offered did not relate to the times mentioned in the specification, yet, under the instructions given to the jury, they must have found the defendant guilty of the offence alleged in the complaint.

*Exceptions overruled.*