(Decided March 31st, 1897).

---

## PROFESSOR M. JULES *vs.* STATE OF MARYLAND

*Criminal Law—Obtaining Money by False Pretences—Statement of the Particulars of the False Pretence—Exceptions Thereto—Demurrer—Amendment of the Bill of Particulars—Evidence—Sufficiency of the Indictment.*

Code, Art. 27, sec. 288, provides that in an indictment for obtaining money, &c., by false pretences, it shall not be necessary to state the particular false pretence used, but that before the trial the defendant shall be entitled to demand the names of the witnesses and a statement of the false pretences intended to be given in evidence. *Held*, that a bill of particulars of this kind is no part of the pleadings.   It need not be drawn with technical precision and is not subject to demurrer, but may be excepted to when not satisfactory, as for instance, when it fails to impart the information to which the defendant is entitled, or when it sets forth evidence which would not be admissible.

When a defendant is allowed to demur to such bill of particulars instead of filing exceptions thereto, and, the demurrer being sus-

tained, an amended bill is filed, he will not be heard to complain of such ruling.

The bill of particulars provided for by ·the above statute may be amended.

In this case the bill of particulars charged that the defendant, with intent to defraud, falsely represented himself to be a physician possessed of extraordinary and supernatural power to cure certain diseases ; that he could and would cure the prosecutor of a certain malady from which he was suffering, and that the defendant gave to the prosecutor a written agreement promising to refund the sum of money obtained from him if a complete cure was not effected within a certain number of days. It was also alleged that these representations were false, that in consequence of his reliance upon them the prosecutor was induced to part with his money, and that after obtaining the same the defendant absconded. *Held*,

1st. That the representation set forth in the bill of particulars was not merely a promise to cure in the future but a false representation of fact, *i. e.*, that the defendant then possessed extraordinary and supernatural power to cure.

2nd. That evidence by the prosecutor to the effect that the defendant placed against his forehead a folded paper, on which the prosecutor had written his name and age, and walked up and down a room, and said the prosecutor's disease was stomach trouble, and gave him a charm to wear, declaring that he could and would be cured within six weeks or the money refunded, was admissible in support of the charges made in the bill of particulars.

An indictment for obtaining money by false pretences, which charges that the defendant obtained the money by a certain false pretence by him made with intent to defraud, etc., when accompanied by a bill of particulars setting forth the particular false pretence used by the defendant, is sufficient, although the particular pretence is not stated in the indictment, and it is not more directly alleged that the prosecutor was induced to part with his money by relying on the false pretence.

Appeal from the Criminal Court of Baltimore. The indictment charged "that Professor M. Jules, who is unknown to the jurors aforesaid under any other name, late of the city of Baltimore aforesaid, on the fourth day of February, in the year of our Lord one thousand eight hundred and ninety-six, at the city of Baltimore aforesaid, by a certain false pretence by him then and there made to William Wicker (which said false pretence was not then

and there a mere promise for future payment, and was not then and there a mere promise for future payment not intended to be performed), unlawfully, knowingly and designedly did obtain from the said William H. Wicker three unsatisfied promissory notes for the payment of money, to-wit, for the payment each of one dollar, each of the value of one dollar current money ; one silver coin struck at the mint of the United States to pass for currency in this State called one dollar, of the value of one dollar current money ; two unsatisfied promissory notes for the payment of money, to-wit, each for the payment of five dollars, each of the value of five dollars current money ; one unsatisfied promissory note for the payment of money, to-wit, for the payment of ten dollars, of the value of ten dollars current money ; and two silver coins, each struck at the mint of the United States to pass for currency in this State, each called a quarter of a dollar, each of the value of twenty-five cents, current money, of the unsatisfied promissory notes and coins and moneys of the said William H. Wicker, with intent then and there to defraud, he, the said Professor M. Jules, then and there well knowing the said false pretense to be false then and there, contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State."

The amended bill of particulars was as follows : " That the said Professor M. Jules, on or about the time laid in the indictment found in this case, with intent to defraud, falsely represented himself as a physician to the said William H. Wicker, with extraordinary and supernatural powers to cure certain infirmities, and particularly did the said Jules aver that he could and would cure the said Wicker of a certain malady from which he was then and there suffering, to-wit, stomach trouble ; and that further to induce the said Wicker to part with a certain sum of money, to-wit, twenty-four dollars, the said Jules made out and delivered to the said Wicker a written guarantee, by the terms of which he was to refund the said sum if a permanent and total

cure of the said stomach trouble was not effected within a certain number of days, whereas, in truth and in fact, the said Jules was not a physician with the powers as above set forth, nor could he effect the cure he represented, neither could he, nor did he intend so to cure the said Wicker of the said stomach trouble; but all his representations as aforesaid were false and fraudulent, and before the expiration of the number of days mentioned in the said written guarantee, the said Jules absconded. By these false and fraudulent representations and acts, the said Wicker was induced to part with the sum of money laid in the indictment.''

The testimony of the prosecuting witness was as follows: '' On Monday I went to see him (Jules) at the Eutaw House. I told the professor I wanted to see him, as I was sick for some time. The professor offered me paper, and told me to write my name and age upon it, and not to let him see what I wrote. I wrote my name and age on the paper, and he walked up and down the room and looked out of the window, and took the paper, folded up, and placed it against his forehead, and then told me what I had written on the paper. He said, you suffer from stomach trouble, and I can and will cure you within six weeks; if not, I will return you your money; he said, at the end of six weeks, if not cured, I will return you the money. I asked him when I should call again, and he said, don't come, I will come and see you and work on you four hours, and after that you will be well. He also gave me a charm to wear. I wore it around my neck for one hour. He said, to wear it was essential to the treatment. I am not over the stomach trouble yet. He never came to my house and worked on me. I paid him twenty-six dollars and thirty cents.''

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE and BOYD, JJ.

*Thomas C. Weeks* and *Charles Winternitz* (with whom was *William F. Campbell* on the brief), for the appellant.

*Harry M. Clabaugh, Attorney-General,* and *Wm. C. Smith,* for the appellee.

FOWLER, J., delivered the opinion of the Court.

The appellant was indicted in the Criminal Court of Baltimore City on the charge of obtaining money under false pretences. Availing himself of the provisions of the Code, Art. 27, sec. 288, he demanded a statement of the false pretences intended to be given in evidence together with the names of the witnesses This demand was complied with by the State's Attorney. It appears by the record that a demurrer was filed, but it is not stated whether to the indictment or the bill of particulars. We think, however, that it clearly appears from an examination of the docket entries that the demurrer was directed entirely to the bill of particulars, and did not and could not have involved the indictment except upon the theory that the former was part and parcel of the latter. The docket entries are as follows:

"April 13th, 1896, Demand for Bill of Particulars.

April 15th, " Bill of Particulars filed by State's Attorney.

April 26th, 1896, Demurrer entered short.

Sept. 29th, " Demurrer sustained.

Sept. 29th, " Motion in open Court by State's Attorney for leave to file Amended Bill of Particulars."

Same day, Objections to motion made in open Court by counsel for defendant.

Same day, Objection overruled by the Court, and leave granted to the State's Attorney to file Amended Bill of Particulars.

Sept. 29th, 1896, Amended Bill of Particulars filed.

Sept. 29th, 1896, Demurrer entered short.

Same day, Demurrer overruled.

Same day, Special Exceptions overruled.

The fact that when the demurrer was sustained the State's Attorney immediately filed an amended bill of particulars, the trial was continued and the appellant was convicted and

sentenced to three years' confinement in the penitentiary, would seem to be conclusive evidence that the demurrer was, as we have said, to the bill of particulars and not to the indictment. For if a demurrer to the indictment had been sustained as the defendant suggests, it would have been then and there quashed, and it would have been folly to file an amended bill of particulars or proceed further with the trial. It was contended, but we can hardly suppose seriously, that the demurrer to the indictment having been sustained the judgment on the first demurrer, in favor of the defendant being final and the appellant being entitled to his discharge, all the subsequent proceedings were without authority and absolutely void. But it would require more cogent proof than we have found in the record to induce us to believe that the learned Judge below would permit, or the State's Attorney would adopt, a course so preposterous and unwarranted, as to proceed with the trial and conviction of the defendant after the indictment had been found insufficient. It would also follow if the indictment had been or ought to have been quashed that the learned counsel for the defendant would have been remiss in his duty to his client in allowing him, without objection, so far as the record shows, to be tried on an indictment which the Court had declared insufficient in law. But we think the indictment was not only not demurred to, but we are all of opinion that a demurrer to it could not have been sustained. It is similar in form to the indictment in *Carnell's case* decided at last October term, *ante*, p. 1, in which we held that the indictment there considered was in the usual form and free from objection.

2. If then we are correct in saying the indictment is good, the next question to be considered is whether there is any foundation for the objections which have been so earnestly urged against the bill of particulars. The Code provides, Art. 27, sec. 288, that in any indictment for false pretences it should not be necessary to state the particular false pretences intended to be relied on, but the defendant, on appli-

cation to the State's Attorney before trial, shall be entitled
to the names of the witnesses, and a statement of the false
pretenses intended to be given in evidence.    Section 291 of
the same Article provides that in the trial of any of the
offenses mentioned in that section, obtaining any property by
false pretenses being one of them, it shall not be necessary
to prove an intent on the part of the defendant to defraud
any particular person, but it shall be sufficient to prove
that the defendant did the act charged, with an intent to
defraud.   Does the statement of particulars, as amended, com-
ply with the provisions of sections 288 and 291?   We
think clearly it does.   Without quoting it at length it is
sufficient to say that it alleges that the appellant, with intent
to defraud, falsely represented himself to the prosecutor
as a physician possessing extraordinary and supernatural
powers to cure certain infirmities, and particularly that he
could cure and would cure the prosecutor of a certain malady
from which he was then suffering, and that further to induce
him to part with a certain sum of money the defendant
delivered to him a written guarantee by the terms of which
the defendant was to refund the said sum of money if a per-
manent and total cure was not effected within a certain
number of days, whereas in truth and in fact the defendant
was not a physician with the powers he claimed to have
nor could he effect the cure; but all his representations
were false and he absconded before the time stipulated for
the cure of the prosecutor.    It is also alleged that by these
false representations the prosecutor was induced to part with
his money.   What is said in this bill of particulars it
appears to us is equivalent to alleging that the defendant said
to the prosecutor: "I now have or am possessed of extra-
ordinary and supernatural powers to cure you.    I can and
I will cure you."   This is undoubtedly a representation as
to an existing fact.    The alleged existing fact, is that he
then and there had the supernatural and extraordinary
power to cure in the manner he claimed.    In other words
the defendant is alleged to have said in effect, "I have the

power, I have it now. I will exert that power in the future to cure you." This, it was contended, amounts only to "a future promise," or a promise to cure in the future. But it is apparent that there is a false representation as well as a promise—a false representation of an existing fact and a promise to cure in the future. "It would be difficult to find in actual life any case wherein a man parted with his property on a mere representation of fact whether true or false, without an accompanying promise. If, therefore, we look at the promise simply as a nullity, it does not impair the simultaneous false pretence, considered as the foundation for an indictment." 2 *Bishop's New Criminal Law,* sec. 424. And the same learned author says, " Nor does it matter that a promise by the accused operated as a part of the inducement under which the prosecutor parted with his property. The consequence attached to the false representation was not overthrown by the promise." *Ib.* sec. 461. We think, however, it is needless to pursue this question further, for the bill of particulars, as amended, appears free from objection.

3. But if it had been otherwise the objection could not have been availed of by demurrer. The office of a bill of particulars like this is, first, to inform the defendant of the names of the witnesses the State expects to call, and, secondly, to furnish him with a statement of the false pretences intended to be relied on and given in evidence. Art. 27, sec. 288. It was the theory of the State, and during a part of the argument also that of the defence, that a bill of particulars of this kind is no part of the pleading, and, therefore, not subject to demurrer. And that this view is correct is apparent from the nature of the statement of particulars which as we have seen is intended only to furnish the false pretences intended to be given in evidence and the names of the witnesses. As is said in section 702 *Wharton's Criminal Pld. & Prac.*, " the adoption of such bills, instead of the exacting of increased particularity in indictments, is productive of several advantages. It prevents

much cumbrous special pleading and consequent failures of justice, *as no demurrer lies to bills of particulars.* And it gives to the defendant in plain, unartificial language notice of the charge he is to meet." It needs no authority to show that a statement of this character cannot be demurred to in the same sense that an indictment or other pleading may be, but when it is not satisfactory it may be excepted to—as, for instance, when it fails to impart the information to which the defendant is entitled, or when it sets forth any evidence which would not be admissible in the trial of the case. For while our Constitution provides that in all criminal cases the jury shall be the judges of law as well as of fact, yet the Court decides in criminal as well as in civil cases upon the admissibility of testimony, and the competency of witnesses. We have held that the Court cannot in criminal cases bind the jury by instructions defining the crime or declaring the legal sufficiency or insufficiency of the evidence. *Broll* v. *State,* 45 Md. 356 ; *Beard* v. *State,* 71 Md. 279 ; *Ridgeley & Meloni* v. *State,* 75 Md. 513. Although the defendant was allowed to demur instead of excepting to the first bill of particulars, his demurrer was sustained and an amended bill of particulars was filed. He will, therefore, not be heard to complain of this ruling. And in regard to the ruling on his demurrer to the second or amended bill of particulars it may be said that although his demurrer was overruled he had the benefit of it under the special exceptions which he was allowed to file. These exceptions were overruled, and we think properly so, for they are all based upon the theory that bills of particulars must be drawn with the strictest adherence to the technical rules of pleading. We have already said we do not agree to this view, nor is it supported by authority. *Wharton's Criminal Pl. & Prac., supra ; People* v. *McKenney,* 10 Mich. 54 ; *McDonald* v. *People,* 126 Ill. 553 ; *Williams* v. *Commonwealth,* 91 Penn. 493.

4. It follows that if the bill of particulars is no part of the indictment, and that its office, as indicated by the statute,

is to furnish the names of witnesses and the false pretences to be offered in evidence, there can be no good reason given why it may not be amended. Indeed to refuse this right would destroy the advantages which it was intended to gain by its use. If the State's officer could not amend he might frequently be forced to a trial without being able to produce evidence to prove the false pretences set forth in the bill of particulars ; and if it should be held bad because it fails to furnish the defendant with the necessary and proper information for his defence or because it sets forth evidence clearly inadmissible or for any other reason which ingenuity might suggest, it can readily be seen that instead of avoiding failures of justice they will be largely increased by the use of bills of particulars.

5. Finally it is objected by the defendant that the testimony of the prosecuting witness, which was admitted below, is not admissible, because it does not support "the charges set forth in the bill of particulars, and also because it proved only a future promise to cure and not a false pretence." The charge was that the defendant pretended to have extraordinary and supernatural powers to cure. It can only hardly be contended that a physician with ordinary powers and using the ordinary means to cure, would adopt the mode of treatment testified to by the prosecutor. He testified as follows : " The Professor (meaning the defendant) offered me paper and told me to write my name and age upon it, and not to let him see what I wrote. I wrote my name and age, and he walked up and down the room and looked out the window, and took the paper and folded it up and placed it against his forehead, and then told me what I had written on the paper. He said you suffer from stomach trouble, and I can and will cure you within six weeks or return your money. " There was also a charm to be worn, which " was essential to the treatment. "

As might have been expected the patient was not benefited. After securing the prosecutor's money the defendant left the city. The trick which was performed with the

piece of paper was evidently intended to inspire confidence
in the false representation alleged to have been made, and,
according to the proof, it appears to have had the desired
effect.    As we have already said the assurance by the de-
fendant of his power to cure was a representation of an
alleged existing fact, and, we think, the evidence offered
tended to prove it was a false representation.    The evidence
objected to was, therefore, admissible.

Finding no reversible error in the rulings complained of
the judgment will be affirmed.

*Judgment affirmed.*

(Decided March 31st, 1897).