COMMONWEALTH *vs.* JOSEPH CAMPOPIANO.

SAME *vs.* SAME.

SAME *vs.* SAME.

Essex.    January 22, 1926. — February 24, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Intoxicating Liquor.   Practice, Criminal,* Plea of former acquittal, Variance, Complaints tried together, Order of cross-examination.   *Evidence,* Competency.   *Witness,* Opinion: expert; Cross-examination.

It is within the discretionary power of a judge presiding in the Superior Court to order tried together three complaints against the same defendant, respectively charging him with keeping intoxicating liquor on May 11, 1924, and during three months preceding with intent to sell the same unlawfully; with making an unlawful sale of intoxicating liquors, to wit: ten half barrels of beer to a certain person on March 6, 1924; and with unlawfully selling intoxicating liquors, to wit: five half barrels of beer to another person on May 2, 1924.

A verdict of not guilty by reason of a variance is not a verdict on the merits and is not a bar to a subsequent prosecution on the same evidence.

A record of a court showing that at the trial of a complaint the defendant was acquitted on the ground of variance cannot be contradicted.

An exception to the admission of a question by the Commonwealth of a witness testifying for the Commonwealth at the trial of a complaint for violation of the law as to intoxicating liquors, "Did you say anything [to the defendant in] regard to buying beer of him?" the ob-

jection being based on the ground that the question was leading, must be overruled.

The determination of the question, whether a witness offered as an expert in determining alcoholic content at the trial of a complaint for violation of the law as to intoxicating liquor shall be permitted to testify as an expert, is for the trial judge in the exercise of his judicial discretion, and that discretion cannot be said to have been improperly exercised in permitting such a witness to testify after he has testified to his familiarity with the making of beer and the method of testing it with a hydrometer to ascertain its alcoholic content.

An exception to the refusal by a trial judge to strike out testimony of the witness above described as to the result of his tests of certain alleged alcoholic liquors, where it appeared that his test was not made at a temperature of sixty degrees Fahrenheit and was not made by weight, was overruled because the witness also testified in substance that a perfect percentage of the alcoholic content is obtained when the beer is heated to seventy degrees Fahrenheit and that the same beer which he had tested cold gave a lower percentage of alcohol than what it really was.

An exception by the defendant at the trial of a criminal complaint, to a refusal by the trial judge to permit cross-examination of a witness offered by the Commonwealth as an expert before the judge determined his qualifications, must be overruled where it appears that the defendant had full opportunity to cross-examine the witness as to his qualifications after he had given his testimony in direct examination.

At the trial of the complaint above described, testimony by a brother of the witness who made the tests for the alcoholic content of the liquor in question, that he drank some of the liquor and became intoxicated by it, properly was admitted, not to prove the exact alcoholic content, but to be weighed with the other evidence in the case.

An exception to the denial by a judge of a motion for a new trial based on allegations of newly discovered evidence must be overruled.

THREE COMPLAINTS, received and sworn to in the District Court of Lawrence on April 2, 1925. The first complaint charged that on May 11, 1924, and during the three months preceding, the defendant had kept intoxicating liquors with intent to sell the same unlawfully. The second complaint charged that on March 6, 1924, the defendant had unlawfully sold intoxicating liquors to one Frank Golden. The third complaint charged such an unlawful sale on May 2, 1924, to Peter Golden.

There was a trial in the Superior Court before *Hayes*, J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485. Material evidence is described in the opinion. The defendant was found guilty on all complaints. He moved for a new trial on the ground

that he had newly discovered evidence in the nature of testimony of his family physician, his sister who acted as nurse, and his father and mother, "that on March 6, 1924, and for many days before and after said date, he was seriously ill and confined to his bed and did not leave his home." The motion was denied. The defendant alleged exceptions.

*A. F. Priest,* (*E. S. Abbott* with him,) for the defendant.

*W. G. Clark,* District Attorney, & *E. F. Flynn,* Assistant District Attorney, for the Commonwealth, submitted a brief.

SANDERSON, J. The defendant was convicted on three complaints charging him, respectively, with keeping intoxicating liquor with intent to sell; with making a sale of intoxicating liquors, to wit: ten half barrels of beer to Frank Golden on March 6, 1924; and with selling intoxicating liquors, to wit: five half barrels of beer to Peter Golden on May 2, 1924. The defendant's plea to one of the complaints — that he had been acquitted of the same offence — was overruled properly. At the trial of the earlier complaint the court, upon motion of the defendant, directed the jury to return a verdict of not guilty by reason of a variance. *Commonwealth* v. *Farrell,* 105 Mass. 189.

If a defendant consents to the discharge of the jury during trial he cannot thereafter contend that he has been in jeopardy. *Commonwealth* v. *Sholes,* 13 Allen, 554. *Commonwealth* v. *Hart,* 149 Mass. 7. A verdict of not guilty by reason of a variance is not a verdict on the merits, G. L. c. 263, § 7, and is not a bar to a subsequent prosecution on the same evidence. G. L. c. 263, § 8. The record of the court that the acquittal was by reason of a variance cannot be contradicted. *Kelley* v. *Dresser,* 11 Allen, 31. *Wells* v. *Stevens,* 2 Gray, 115. ". . . testimony that the evidence in support of . . . [the indictment] was the same as that in support of a former indictment, on which the defendant was acquitted, is inadmissible, if the record shows that the acquittal was on the ground of a variance." *Commonwealth* v. *Chesley,* 107 Mass. 223.

There was no error in the order of the court requiring the three complaints to be tried together. *Commonwealth* v. *Rosenthal,* 211 Mass. 50. *Commonwealth* v. *Slavski,* 245 Mass. 405, 412, 413.

The exception to the admission of the question to the witness Frank Golden: "Did you say anything [to the defendant in] regard to buying beer from him?" on the ground that the question was leading, must be overruled. *Commonwealth* v. *Carver*, 224 Mass. 42, 45. This witness having testified to his familiarity with the making of beer and the method of testing it with a hydrometer to ascertain its alcoholic content, was permitted to state, subject to the defendant's exception, that he tested it and it showed four and one half per cent alcohol. The question of his qualifications was for the trial court and we cannot say that the evidence was inadmissible or that the refusal to strike it out was error. *Johnson* v. *Lowell*, 240 Mass. 546, 549. The objection to the evidence now urged, that the test was not made at a temperature of sixty degrees and was not made by weight, cannot be sustained in view of the testimony of the witness to the effect that a perfect percentage of the alcoholic content is obtained when the beer is heated to seventy degrees Fahrenheit and that the same beer which he had tested cold gives a lower percentage of alcohol than what it really is. *Commonwealth* v. *Reilly*, 248 Mass. 1. The defendant had full opportunity to cross-examine the witness as to his qualifications after he had given his testimony in direct examination. His exception to the refusal of the trial judge to permit this cross-examination before the witness testified to the alcoholic content of the beer must be overruled. The time when a party may exercise his right of cross-examination ordinarily must be left to the discretion of the presiding judge.

The testimony of Peter Golden that he drank some of the beer bought of the defendant by Frank Golden and became intoxicated by it properly was admitted, not to prove the exact alcoholic content, but to be weighed with the other evidence in the case. The intoxicating effect of liquor may be so great that a jury could infer that it contained more than two and three quarters per cent of alcohol. There was evidence that the defendant said, when he sold this beer, that it had a percentage of five, and the jury could have found that he meant five per cent of alcohol.

The evidence tended to prove that the beer which the defendant was convicted of selling to Peter Golden was ordered by Frank Golden as agent of Peter; that the defendant said it was the same as the first; that the defendant was paid $80 for it; that Peter Golden drank some of the beer and it affected him the same as the first had done — he became intoxicated and was staggering. There was evidence for the consideration of the jury on each of the complaints, and the motions for directed verdicts could not have been granted.

The requests for rulings were properly denied, and the rights of the defendant were sufficiently guarded in the charge. No error is disclosed in the refusal of the trial judge to grant the defendant's motion for a new trial.

All exceptions argued have been considered and no reversible error is discovered.

*Exceptions overruled.*