## CLIFT P. BERGER *v.* STATE OF MARYLAND

[No. 2, April Term, 1941.]

*Decided May 20th, 1941.*

The cause was argued before BOND, C. J., JOHNSON, DELAPLAINE, COLLINS, and FORSYTHE, JJ.

*G. C. A. Anderson,* with whom were *Walter W. Dawson* and *William A. Gunter* on the brief, for the appellant.

*Robert E. Clapp, Jr., Assistant Attorney General,* with whom were *William C. Walsh, Attorney General,* and *Neil C. Fraley, States Attorney for Garrett County,* on the brief, for the State.

DELAPLAINE, J., delivered the opinion of the Court.

Dr. Clift P. Berger was convicted by the Circuit Court for Garrett County, sitting as a jury, on an indictment containing two counts charging (1) an unnatural and perverted sexual act upon a certain woman contrary to statute, Code, art. 27, sec. 578, and (2) assault and battery upon her.

The appellant took an exception to the refusal of the trial court to allow his wife to answer the following question: "Will you state whether or not you noticed any sex abnormalities by Dr. Berger, during any period of your married life?" It is a general rule of the common law that testimony as to general reputation is admissible to show the character of an accused person, but testimony as to specific acts of conduct or disposition is inadmissible even though the witness has had abundant opportunities to form an individual opinion as to the particular moral quality involved in the case. In a leading English criminal case, Lord Chief Justice Cockburn said: "It is quite clear that, as the law now stands, the prisoner cannot give evidence of particular facts, although one fact

would weigh more than the opinion of all his friends and neighbors, * * * It is quite true that evidence of character is most cogent, when * * * the witness has had opportunties of acquiring information upon the subject beyond what the man's neighbors in general would have * * *. But, when we consider what, in the strict interpretation of the law, is the limit of such evidence, in my judgment it must be restricted to the man's general reputation, and must not extend to the individual opinion of the witness." *Regina v. Rowton*, 1 Leigh & Cave, Crown Cases, 520, 530, 531.

Following the decision in the *Rowton* case, the Supreme Judicial Court of Massachusetts declared: "Where a party undertakes to show that his reputation is good, * * * he cannot put in evidence of particular facts to prove the general reputation he is endeavoring to establish." *Commonwealth v. O'Brien*, 119 Mass. 342. In a later case the court said that, while witnesses may testify that an accused has the general reputation of possessing traits of character which would likely restrain him from the commission of the crime alleged, they cannot testify that he has not been in the habit of committing offenses of a similar nature. *Commonwealth v. Nagle*, 157 Mass. 554, 32 N. E. 861. The same court specifically held, on the issue of a woman's reputation for truth and veracity, that a witness should not be allowed to testify that he found her to be a truthful woman in his relations with her as her attorney. *Hunneman v. Phelps*, 199 Mass. 15, 85 N. E. 169. The courts have reasoned that testimony as to previous conduct or disposition might possibly raise collateral issues and confuse the defendant by requiring him to meet charges not contained in the indictment, and also divert the attention of the jury from the issue before it and create a prejudice that might result in great injustice. *Curry v. State*, 117 Md. 587, 593, 83 A. 1030, 1032.

An exception to the general rule excluding testimony of a prior offense is made when the testimony tends to prove by reasonable inference that the defendant is guilty

of the offense for which he is being tried, or when the several offenses are so connected in point of time or circumstances that one cannot be fully shown without proving the other. *Meno v. State,* 117 Md. 435, 440, 83 A. 759, 761; *Mitchell v. State,* 178 Md. 579, 16 A. 2nd 161. However, on account of the misleading probative force and dangerous tendancy of testimony of this kind, its introduction should be subjected to rigid scrutiny by the court. *State v. Gregory,* 191 S. C. 212, 4 S. E. 2nd 1. To come within the exception to the rule that evidence of previous offenses is irrelevant, there must appear between the previous offense and that with which the defendant is charged some real connection other than the allegation that the offenses have sprung from the same disposition. The exception does not go to the extent of sanctioning the admission of evidence of the "propensity" of the accused to commit crimes similar to that for which he has been indicted. *Neff v. United States,* 105 Fed. 688, 692.

Another exception to the general rule is recognized in prosecutions for sexual crimes, when similar offenses have been committed by the same parties prior to the crime alleged. But this exception does not apply to prior offenses against any person other than the prosecutrix. *Underhill, Criminal Evidence,* sec. 186. For example, on prosecution of a man for incest with one of his daughters, the State cannot adduce evidence to show that he has committed incest with another daughter, even though it manifests his "sexual disposition, passions, and emotions." *Wentz v. State,* 159 Md. 161, 163, 150 A. 278, 279. It is now generally accepted that witnesses should not be allowed to give their individual opinions as to the disposition or conduct of the accused, even though their testimony may be founded upon their own personal observation or experience; their testimony must be limited to their knowledge of what is generally said of him by those among whom he resides. *People v. Albers,* 137 Mich. 678, 100 N. W. 908; *McQueen v. State,* 108 Ala. 54, 18 So. 843; *Chiles v. State,* 26 Ala. App. 358, 159 So.

700; *State v. Magill,* 19 N. D. 131, 122 N. W. 330. In holding that testimony as to "tendency or disposition" to commit a crime is irrelevant, the Supreme Court of New Hampshire quoted from an English decision holding that it is not permissible on an indictment for an unnatural crime to show that the accused had admitted he had a tendency toward such practices. *State v. Lapage,* 57 N. H. 245. Moreover, when a person is charged with a certain violation of the law, he cannot show that he did not violate it on previous occasions when he had the opportunity and was tempted to do so. *Archer v. State,* 45 Md. 33, 35. We hold, therefore, that the trial court properly excluded testimony as to extraneous sexual acts or propensities of the appellant.

The verdict of "guilty" in the case at bar convicted the appellant on both counts of the indictment. It is a common practice in this State to charge several offenses, though differing from each other and varying in the punishment authorized to be imposed, in separate counts of one indictment, and try the accused on the several charges at the same time, provided that the offenses are of the same general character and differ only in degree. If a general verdict of guilty is rendered on an indictment containing two counts, both relating to the same transaction, the verdict is in effect a finding as to both counts, and the practice is to pass judgment on the count charging the more serious offense. *Manly v. State,* 7 Md. 135, 150; *Wheeler v. State,* 42 Md. 563, 566.

After the court refused to grant a new trial, the appellant filed a motion in arrest of judgment. The court overruled the motion, and appeal was taken from the ruling. It was argued by the appellant that the judgment is invalid on two grounds: (1) because a bill of particulars furnished by the State, alleging that he had tried to commit the described offense, charged only an attempt, not an actual commission of the statutory crime, and (2) because the charge of violation of the statute was not sustained by the evidence.

416

The law is settled in Maryland that a motion in arrest of judgment lies only for errors apparent on the face of the record. *Byers v. State,* 63 Md. 207; *White v. State,* 143 Md. 535, 123 A. 58; *Ozinec v. State,* 169 Md. 705, 182 A. 313. This court has held that a bill of particulars furnished by the State in a criminal case is not a part of the indictment or the pleadings. *Jules v. State,* 85 Md. 305, 313, 36 A. 1027, 1029; *Howes v. State,* 141 Md. 532, 547, 119 A. 297, 302; *Delcher v. State,* 161 Md. 475, 482, 158 A. 37, 41. In the present case, for instance, the bill of particulars was not filed until after the trial was over. A bill of particulars is not a matter of technical nicety and is not subject to demurrer. It is intended merely to guard against surprise by limiting the scope of the proof at the trial, but does not amend the indictment. *Commonwealth v. Davis,* 11 Pick. (Mass.) 432, 435; *Commonwealth v. Farrell,* 105 Mass. 189, 191; *State v. Hewitt,* 131 La. 115, 59 So. 34. We hold, in accordance with the weight of authority, that a bill of particulars in a criminal case is not a part of the record, and consequently a motion in arrest of judgment cannot raise the question of an alleged variance between a bill of particulars and the evidence. *State v. Lehigh Valley R. Co.,* 94 N. J. L. 171, 111 A. 257. As stated by the Supreme Court of Illinois: "The indictment, and not the bill of particulars, is the charge upon which the defendant is tried. * * * If the evidence offered was not limited to the transaction mentioned in the bill of particulars, he might have objected to it on that ground. But his motion in arrest of judgment does not raise the question of the sufficiency of the bill of particulars." *People v. Depew,* 237 Ill. 574, 86 N. E. 1090, 1092.

Finally, the question of the legal sufficiency of evidence in a criminal case to sustain a conviction is exclusively for the jury to determine. *Deibert v. State,* 150 Md. 687, 695, 133 A. 847, 851; *Willie v. State,* 153 Md. 613, 139 A. 289. Under the Maryland Constitution, art. 15, sec. 5, the jury are the judges of both the law and the facts in the trial of all criminal cases in the state. Of

course, if the defendant elects to be tried before the court without a jury, the court is substituted for the jury and has the same functions in passing upon the guilt of the accused. *League v. State,* 36 Md. 257, 264. The Court of Appeals has constantly refused to pass upon the question of the sufficiency of evidence to establish the crime with which the accused is charged, for the reason that such action would usurp the constitutional function of the jury. Where there is no reversible error in the rulings of the trial court, the verdict and judgment must stand. The legal sufficiency of evidence upon which to base the conviction cannot be tested on a motion in arrest of judgment. A motion in arrest of judgment must be determined solely from the record, and not from the evidence admitted at the trial. *Myers v. State,* 137 Md. 482, 113 A. 87; *Simmons v. State,* 165 Md. 155, 167 A. 60; *Coblentz v. State,* 164 Md. 558, 166 A. 45; *State v. Rogers,* 122 N. J. L. 490, 6 A. 2nd 207.

Since the appellant failed to show any errors on the face of the record, the judgment of the trial court must be affirmed.

*Judgment affirmed, with costs.*