CROPPER *v.* STATE

[No. 176, September Term, 1963.]

*Decided January 29, 1964.*

The cause was argued before Brune, C. J., and Henderson, Hammond, Marbury and Sybert, JJ.

*Henry F. Lankford* for appellant.

*R. Randolph Victor, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Daniel T. Prettyman, State's Attorney for Worcester County,* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

Having been convicted by a jury of obtaining goods by the false pretense of a bad check in violation of Code (1957), Art. 27, Sec. 142 (The Worthless Check Act), the appellant seeks a reversal for errors as to particulars, the indictment, the instructions to the jury and the sufficiency of the evidence, alleged to have been made by the trial court.

The appellant, Cropper, had been employed by one Cherrix (called "Chum" in the testimony) to build a chicken house. Cropper ordered certain heating equipment from a Philadelphia firm with which he had done business before. The firm agreed to sell the material only on condition that it be paid for on delivery. When the material was delivered, Cropper gave the truck driver a check for the amount of the invoice, $2,239.39, saying "I know that Marty [the vice president and general manager of the supplier] will be glad to get this" and, according to his own statement and that of one of his workmen, he also said the check should not be taken to the bank immediately because it was not "worth a nickel" until Chum gave him the money to make it good. The truck driver denied that the latter statement was made. The check was returned because funds on deposit were insufficient to pay it and, after being redeposited, was again returned for the same reason.

The indictment listed each item of equipment obtained from the supplier "by a certain false pretense" with a statement of its value in dollars and cents and, as returned by the Grand Jury, contained the statement that the items listed were "all of the total value of two thousand two hundred thirty-nine dollars and thirty-nine cents" and had been obtained "with intent then and there to defraud, in violation of Article 27, Section 142 * * *" (when Cropper moved to dismiss the indictment the words "current money" were added after the statement of the total value quoted above). Cropper, after having

asked for a bill of particulars and having unsuccessfully excepted to that furnished him, moved to dismiss the indictment because it did not contain "the necessary description of 'current money' as required by Rule 710 [712] c." His motions for a judgment of acquittal pursuant to Maryland Rule 755, at the close of the evidence offered by the State and at the close of all the evidence, were denied. His request for an instruction that if the jury found that within ten days from the giving of the check he had deposited in his bank account funds sufficient to pay the check he should be acquitted, was refused in the exact form he requested. After counsel had argued to the jury, the trial court gave advisory instructions. Then, before the jury retired to deliberate, Cropper, out of the jury's presence, excepted to the charge on the sole ground that the court in violation of Maryland Rule 756 d had not advised counsel in advance of their argument on how it proposed to rule on requests for instructions and the substance of the instructions it contemplated giving.

Appellant argues that the failure of the bill of particulars to give the names of the witnesses to be called was prejudicial and should have prompted the court to sustain his exceptions to the bill. He does not spell out or suggest actual prejudice and we see none. Formerly, a statute (last codified as Section 608 of Article 27) provided that in any indictment for false pretenses it was not necessary to state the particular false pretenses to be relied on in proof, but the defendant "on application to the State's Attorney before the trial, shall be entitled to the names of the witnesses and a statement of the false pretenses intended to be given in evidence." *Jules v. State,* 85 Md. 305, and *Schaumloeffel v. The State,* 102 Md. 470, said that the statute gave the defendant the right to the names of the witnesses and the details of the false pretenses, and gave indication that essentially the term bill of particulars meant the details of the false pretenses as distinguished from the names of the witnesses. See also *Berger v. State,* 179 Md. 410, 416. *Delcher v. State,* 161 Md. 475, 481-482, indicated that if the defendant knew or otherwise obtained the names of the witnesses before trial the fact that the bill of particulars had not furnished them was not prejudicial. *Delcher* and *Berger* said

that the bill of particulars gratifies its function if it sufficiently enables the defendant to prepare his defense and so protects him from surprise by limiting the scope of the proof at the trial. Section 608 of Art. 27 of the Code was superseded by Maryland Rules 715 and 728.[1] Paragraph a of Rule 715 provides that a motion for a bill of particulars "shall specify the particulars sought by the defendant." Paragraph b says that "where the offense charged is false pretenses, the State's Attorney shall, upon demand of the defendant, file a bill of particulars within a reasonable time." Rule 728 a 3 provides that upon motion of the defendant the court may order the State's Attorney "to furnish the defendant a list of the names and addresses of the witnesses whom the State intends to call to prove its case in chief."

Cropper did not specify in his demand for particulars that the names of the proposed State witnesses be furnished nor did he ask for them under Rule 728. We find nothing to indicate he was either surprised at the trial or hampered in his defense by the failure of the bill of particulars to include them. The indictment carried the names of the three witnesses on whose evidence it was based, as directed by Rule 717, and these were the witnesses called at the trial. Before the case was begun the State's Attorney asked that the clerk call the three State's witnesses. They were not in the court room and a recess was asked for by the State. Cropper objected to the recess being granted.

The appellant's other objection to the bill of particulars— that attached to the bill were photostatic copies of exhibits, rather than the originals (which were introduced in evidence at the trial)—is captious and unsubstantial.

We find no error in the court's having permitted the indictment to be amended by the addition of the words "current money" after the allegation that the aggregate value of the items fraudulently obtained was so many dollars and cents. The indictment as found by the Grand Jury included all allegations

---

1. The Legislature acquiesced in the supersession of Sec. 608 of Art. 27 of the Code by repealing the Section by Ch. 558, Sec. 1 of the Laws of 1963.

of fact which were necessary to make the act characterized as a false pretense the crime the Grand Jury had in mind—that is, it alleged the necessary essential elements of the offense charged and was sufficient to protect the accused from a future prosecution for the same offense. It was not, therefore, infirm as to substance. *Lank v. State,* 219 Md. 433; *Seidman v. State,* 230 Md. 305; *Pearlman v. State,* 232 Md. 251. It did not comply in form with the requirements of Rule 712 c (which as a Rule deals with form and not substance) and Sec. 613 of Art. 27 of the Code (1957)[2] that in an indictment "it shall be sufficient to describe said money as so such current money, or so many dollars, or dollars and cents current money," without specifying the notes, coins or denominations. *Cf. Gardner v. State,* 25 Md. 146 (the words current money in a larceny indictment were surplusage). Since the defect was as to form, it was proper that it be cured by amendment under the express permission of Rule 714 a.

The appellant was not prejudiced by the failure of the trial court to include as framed his request for instructions in the charge to the jury or his failure to advise counsel of his proposed instructions before argument as Rule 756 d contemplates.

The instructions given contained the substance of the request made by appellant that if the jury found he deposited sufficient funds to meet the check the verdict should be not guilty. Rule 756 b recognizes that "the Court need not grant any requested instruction if the matter is fairly covered by the instructions actually given." That counsel for Cropper argued the point to the jury is revealed by the court's instructions. There were no exceptions taken to the substance or adequacy of the instructions, and we perceive no material error in them.

When Judge Child indicated that he would not charge the jury until after argument, Cropper's lawyer did not ask for a ruling on his requested instruction nor did he request advice as to the instructions the judge proposed to give. At the close of the instructions and before the jury retired to deliberate, he excepted only to the failure to advise on these points before

---

2. Sec. 613 of Art. 27 of the Code was amended by Ch. 558, Sec. 8, of the Laws of 1963, the change not being here relevant.

argument and solely on the noncompliance, as such, with Rule 756 d. He did not then claim actual prejudice nor does he do so now. He was given an opportunity to except to the content and sufficiency of the charge out of the presence of the jury and he made no such exception. We think he may not now complain that he was hurt, Rules 756 f and 554 e, and, in any event, he has not claimed or shown that in fact he was.

Appellant's final contention that his motions for judgment of acquittal should have been granted is based on his claim that he had deposited in his bank account within ten days of the giving of the check almost twice the amount of the check. The testimony was that there were numerous other checks outstanding to be paid, and the bank statement demonstrated that at no time during the critical ten days were there on deposit nearly enough funds to pay the check he had given the Philadelphia supplier. Cropper admitted on the stand that he never had the money to meet the check during the crucial period and the check was never made good until after the verdict of guilty, immediately before sentence was pronounced. The court submitted to the jury as requested the question of whether Cropper had made good the check in time and we think the accused had at least all he was entitled to when this was done.

*Judgment affirmed, with costs.*