# ROGER DAVID WHITE v. STATE OF MARYLAND

[No. 174, September Term, 1976.]

*Decided November 9, 1976.*

The cause was argued before THOMPSON, MOYLAN and LOWE, JJ.

*Fred Warren Bennett, Assigned Public Defender,* for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and

*Laurence D. Beck, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

LOWE, J., delivered the opinion of the Court.

A jury in the Circuit Court for Montgomery County convicted appellant of larceny of a motor vehicle and possession of a manufactured article with a defaced serial number. The subject matter of both crimes was a Harley Davidson motorcycle (the Wickman motorcycle). During the trial, the State produced Jerry Wayne Defibaugh who testified, over objection, that he had accompanied appellant during the theft of two other Harley Davidson motorcycles, but that he did not recognize the one which was the subject of appellant's case. Defibaugh was permitted to state that he and appellant had sold one motorcycle and had hidden the other one behind appellant's mother-in-law's shed. Defibaugh was unable to recall when the theft of the two motorcycles had occurred, but he thought it was sometime in early 1974, but later stated he meant 1975. Appellant twice moved for mistrial explaining his reasons:

> "Your Honor, the State introduced this witness over objection of defense counsel. He has testified that he stol[e] two motorcycles with the Defendant. He said he has never seen the subject motorcycle before which is the subject of this case. There is no point in time as to when these motorcycles were stolen. I believe all the testimony is inadmissible and prejudices the jury and I move for a mistrial based on the witness' testimony."

The court denied both motions without explanation.

Prior to Defibaugh's testimony before the jury, the State had summarized the witness's testimony in a preliminary proffer, arguing that Defibaugh's testimony was admissible under *Chandler v. State,* 23 Md. App. 645:

> " . . . 'Evidence of other crimes is admissible to prove the specific crime charged with when such evidence establishes motive, intent, or absent the

common scheme or plans, the two or three are so related to each other, the proof of one tends to establish the identity of the person charged with the commission of the crime on trial.' " [1]

The State argued that the testimony was admissible under "almost all" of the exceptions:

"I would suggest to the Court that if the Court considers those five exceptions, the evidence that the State is attempting to admit, not only as the contemporaneous theft, but of the crime that was committed after the fact, it tends to do almost all of those things in one fashion or another."

Unless we assume the State's reasoning to have been adopted by the court, we are at a loss as to why the evidence was admitted. The court's reason for admitting the proffered testimony was no more exegetic than its subsequent rulings before the jury on appellant's motions for mistrial.

"I have no problem with the first proffer which the State makes, namely the testimony of the eye accomplice. I am not even sure that he is an accomplice for purposes of this crime, but have no problem with that. I do not permit you — I assume that will be over the objection of the Defendant, is that true?

MR. HILLYARD: Yes, sir. I would like the record to so reflect that the defense objects to any testimony along this line from the State's witness."

Nor are we enlightened by the trial judge's instructions during his discussion to the jury of Defibaugh's testimony. However, it *is* apparent that he did not give the jurors a

---

1. The actual language of Chandler, 23 Md. App. at 649-650, is:

" '. . . evidence of other crimes is admissible to prove the specific crime charged when such evidence tends to establish (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, and (5) the identity of the person charged with the commission of the crime on trial. . . . ' "

*limiting* instruction, telling them for what purpose they could consider the evidence. Rather, he appeared to have left the question of the admissibility of the testimony to the jurors by letting them decide if the testimony fit *any* of the exceptions described in *Chandler*:

> "The last instruction that I wish to give you concerns the testimony which you heard about the prior unlawful activity of the defendant. You heard testimony from a witness whose name escapes me at the moment — I think it was Mr. Defibaugh — about certain unlawful activity in which he and the defendant were allegedly engaged involving the theft of a couple of other motorcycles of the same make as this one prior to the date of the alleged occurrence of this offense. Ordinarily, evidence of proof or evidence of prior unlawful conduct is not admissible as substantive proof of the offense for which the defendant is charged. In other words, just because someone stole something a year ago, it does not mean he stole what he is charged with stealing in this case. An exception is made, however, when the evidence of the other crimes tend to establish a motive or intent, a common scheme or plan or design or the identity of the defendant for the offense that is currently at issue.
>
> In other words, for one of those purposes, it is permissible for you, the jury, to consider that prior evidence. It is not direct evidence and you should not be confused by direct evidence of guilt. It is simply another factor which you may consider along with all of the rest of the evidence.
>
> I will read you the instructions from a case which occurred recently in which it was commented favorably by the Court of Special Appeals and I quote it. This is the case of *Chandler against State* which appears in 23 Md. App. 645, 'Since this kind of evidence, that is, the evidence of the prior unlawful conduct, can be misleading as to probative value, there must appear between the previous

offense and that for which the defendant is charged in these proceedings some real connection other than the mere allegation that the offenses have sprung from the same disposition. This evidence cannot be considered to show the propensity of the accused to commit crimes similar to that for which he has been indicted. The reason for the general rule excluding such testimony is that such evidence would tend to divert the minds of the jurors from the real. issue and arouse their prejudices. Where intent is material, the conduct of the accused is relevant to show that intent. Hence, evidence of collateral offenses is admissible in the trial of the [main charge] to prove the intent. To be admissible as relevant, such offenses need not be exactly concurrent. If they are committed within such time, or show such relation to the main charge as to make the connection obvious, such offenses are admissible to show intent.' "

No exception was taken to this charge, although appellant asks us to recognize it as plain error under Md. Rule 756 g. That we decline to do so, should in *no* way be interpreted as condoning the trial judge's instruction. We simply do not have to reach that question since we find that the trial judge committed error in admitting Defibaugh's testimony over appellant's timely objection.

The Court of Appeals has repeatedly stated that the introduction of evidence which shows other offenses by the accused should be subjected to "rigid scrutiny" by the courts because of the great potential for danger which characterizes it. See, *e.g.*, *Ross v. State*, 276 Md. 664, 671; *Berger v. State*, 179 Md. 410, 414.

The facts of *Ross* parallel the facts here. Ross was charged with possession of heroin with intent to distribute. The testimony at issue was from a witness who stated that he and appellant used to work together selling narcotics. The Court held that:

"The disputed testimony here need hardly be

subjected to rigid scrutiny to demonstrate its inadmissibility. Proof that the accused had previously sold narcotics perhaps as long as 15 years before the crime charged in the indictment hardly tends to establish a disposition or propensity to commit the offense alleged, let alone an intent to do so. The effect of the ruling by the trial judge was to present to the jury evidence of the appellant's bad character before he had taken the stand to testify. Since, the testimony in question came within none of the recognized exceptions to the general rule excluding evidence of other criminal acts, it was irrelevant and therefore inadmissible." *Ross v. State,* 276 Md. at 671-672.

Even though the relevant period of time here is considerably more confined than in *Ross,* we find that case dispositive. Defibaugh's testimony does not withstand our "rigid scrutiny".

The State contends that Defibaugh's testimony was admissible under four exceptions to the general rule that evidence of other crimes is inadmissible. But it is clear from the weakness of its arguments that it has been charged with defending an indefensible error.

### Motive and Intent

Noting that the Wickman motorcycle had been subjected to certain changes and modifications after it was stolen, the State argues that the fact that all the motorcycles were of the same make shows appellant's motive and intent in stealing the Wickman motorcycle. As to motive, the State reasons:

"... that an individual would be in a far better position to interchange various components of the same make of motorcycle than to attempt to interchange components of different makes of motorcycles. This would establish a motive on the part of the Appellant, *i.e.,* the Appellant presumably would take only Harley Davidson

motorcycles — the two which he and Defibaugh took, as well as Wickman's motorcycle — for the purpose of interchanging various parts, elements and components."

The State ignores the fact that there was no evidence at all that either of the two motorcycles to which Defibaugh testified had been used to interchange parts. The record shows only that one was sold and the other stored. No inference can be drawn from any of the testimony that any parts of these two motorcycles were removed or interchanged.

The State's argument that the evidence showed appellant's intent is even less convincing.

"For the same basic reasons outlined above with regard to the 'motive' exception to the general inadmissibility of evidence of other crimes in a criminal proceeding, the Appellee would submit that the testimony of Defibaugh was also admissible to show 'intent' on the part of the Appellant. There had been evidence adduced through the testimony of Sylvia Lewellyn, the girlfriend of Wickman, that on February 13, 1975, she was at Wickman's residence. She was outside cleaning her car when she observed 'a blue van that went by and about an hour later it went by again more slowly this time'. She mentioned this to Wickman, and they recalled that this was the same type of van which had been used to transport Wickman's motorcycle when work had to be done on his motorcycle. After describing the van, Miss Lewellyn stated that the 'guy on the passenger side,' whom she could not identify, turned away from her as she looked up, and the van drove away. Defibaugh testified that he and the Appellant stole the other two Harley Davidson motorcycles in early 1974. Therefore, the evidence of the larceny of these other two Harley Davidson motorcycles was admissible to show a specific *intent* on the part of

the Appellant to steal Wickman's Harley Davidson motorcycle in order to retain Wickman's basic motorcycle, after interchanging parts in an effort to prevent the discovery of either stolen motorcycle." (footnote omitted).

This argument justifies neither response nor comment.

## Identity

The State comments, but does not argue, that Defibaugh's testimony "may have" been admissible to show identity. This contention has no merit, for the testimony, unlike that in *Mollar v. State*, 25 Md. App. 291, does not tend to aid in identifying appellant as the person who committed the crime.

## Common Scheme

The State's final contention is that because the subject cycle was a Harley Davidson and the two Defibaugh bikes were also Harley Davidsons, such coincidence would establish

" . . . 'a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other . . .' ",

citing *Gordon v. State*, 5 Md. App. 291, 306. We reject the slender reed offered in hope of salvaging a sinking syllogism. The State again argued that three of the same make of motorcycle were stolen to facilitate disguise of the stolen goods. But absent a showing that this disguise was attempted by an interchange of parts among these motorcycles, Defibaugh's testimony hardly tends to establish that appellant had a "common scheme" which included theft of the Wickman bike. The mere fact of coincidence in the type of motorcycles allegedly stolen, without proof of similar and significant details, is necessarily insufficient to establish a common scheme. If it were otherwise the effect would be precisely that which is

proscribed by *Ross*: the use of other offenses to establish a defendant's propensity to commit the crime charged.

## Conclusion

Strain as it might, the State can produce no reasonable purpose to be served by admitting Defibaugh's testimony except to prove that appellant had a propensity to commit crimes similar to that for which he had been indicted. That is not a legitimate purpose for admitting evidence of other crimes under an exception to the frequently enunciated general rule that "in a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent of that for which he is on trial, even though it be a crime of the same type, is irrelevant and inadmissible." *Ross, supra*, 276 Md. at 669; see *Berger v. State*, 179 Md. at 414.

> *Judgment reversed.*
> *Case remanded for new trial.*
> *Costs to be paid by Montgomery County.*